ELLA M. SCHLAK, Respondent, v. MAX C. SCHLAK, Appellant.

(201 N. W. 832.)

**Divorce — welfare of children is paramount in awarding custody.**

1. In awarding the custody of children in a divorce action, their welfare is the paramount consideration.

**Divorce — custody of sons awarded to father on failure of showing that mother possessed home, or what her plans were.**

2. Where the defendant father has a farm home and all the boys express a strong desire to remain with him, it is held, that it does not appear that their welfare would be promoted by transferring their custody to the mother, where it does not appear that she has a home to which to take them or what her plans are.

Note.—Denial of custody of child to parent for its well-being, see anno. 41 L.R.A. (N.S.) 564; 9 R. C. L. 475; 2 R. C. L. Supp. 810; 4 R. C. L. Supp. 608; 5 R. C. L. Supp. 513.

51 N. D.—57.

Divorce — permanent alimony of $2,000.00 held excessive and reduced to $1,200.00.

  3. For reasons stated in the opinion, the alimony award of the trial court is modified.

       |   Opinion filed December 5, 1924.

 Divorce, 19 C. J. § 614 p. 267 n. 86; § 795 p. 343 n. 10; § 798 p. 345 n. 31; § 802 p. 347 n. 55.

 Appeal from the District Court of Mountrial County, *Lowe,* J.
 Modified and affirmed.
 *F. F. Wyckoff,* for appellant.
 *E. R. Sinkler* and *G. O. Brekke,* for respondent.

JOHNSON, J.  A decree of divorce was entered in behalf of the plaintiff in the District Court of Mountrail County on July 28, 1923.  The decree awarded the custody of four of the six children to the plaintiff and ordered the defendant to pay her $2000.00, as permanent alimony, and costs, and in addition thereto $150.00 as attorney fee.  He has already paid $350.00 attorneys fees and suit money.  The decree provides that the judgment shall be a lien upon the interest of the defendant in three quarter sections of land in Mountrail County and upon all the personal property and crops of the defendant thereon.  The defendant appeals.

 While the defendant appeals from the entire judgment and asks a trial de novo, counsel for appellant, in the oral argument, did not stress the assignment of error to the effect that the evidence is insufficient to support a decree of divorce on the ground of cruelty.  In effect, counsel took the position that while he felt that the evidence was insufficient in this regard, the main complaint was against that portion of the decree which directed the payment of alimony and determined the custody of the children.  The corroboration of plaintiff's testimony is in many respects somewhat inconclusive, and we have grave doubts as to the sufficiency of the evidence to support a decree on the ground of cruelty.  We shall, however, dispose of this appeal as if no question had been raised as to the sufficiency of the evidence and pass directly to a consideration of questions pertaining to the custody of the children and the alimony award.

All the children testified; the boys were examined by the court. The oldest boy is 18 years, the girl, Nora, is 16, the next boy is 15, the next 12 (nearly 13), the next 11, and the youngest 9. The daughter has been with her mother since the divorce proceedings commenced. The boys unequivocally expressed a desire to remain with their father. The two youngest boys expressly stated that they did not care for their mother and an examination by the court, calculated to elicit the fact, in fact it had been, that they had been intimidated or advised to testify as they did, failed to shake them in their position. The daughter distinctly preferred her mother. The oldest boy has finished the grades and entered high school; the record does not show how far in the schools the second boy, age 15, has progressed. The third boy, 12 years of age, testified that he was in the sixth and seventh grades; the youngest boy, age 9, testified that he was in the second grade. Seemingly they have progressed in school at the normal pace. There is nothing in the testimony of the children indicating that the father has neglected or discouraged their going to school, except in the testimony of the girl. Her statements in that regard are wholly denied or explained by the father, and his testimony bears some earmarks of credibility. After she left his home with her mother, it appears that he, at least in part, helped to maintain her in school. His means were limited; crops had failed, more or less, for years. We have carefully read the record and examined the evidence and find nothing therein to indicate that the father has not treated his five boys with affection and consideration. Their attitude on the witness stand clearly indicates that his treatment of them must have been at least decently acceptable. There is no evidence in the record on which a finding could be based that it is in the best interest of these five boys to transfer their custody to the mother. There is no evidence that she has a home to which to go or where she will be able to keep them together. They have a home now, on a farm, with a school within a reasonable distance and, for the present, at least, and until conditions change, it is not clear that their welfare would be promoted by transferring their custody from the father. The record is silent as to the intentions of Mrs. Schlak in regard to providing a home for the children in the future. Whether she intends to leave the state or what she expects to do, does not appear. The record does show that after she left her husband and prior to, or, perhaps, pending

divorce proceedings, she worked in a hotel or rooming house.   The decree of the trial judge awards her the custody of three minor boys of school age and who ought to be in school.   Without any indication that they are to be taken into a home in proper surroundings and associations, with an opportunity to go to school, we do not think that their best interest will be served by removing them, against their will, from a farm home that is in proximity to a graded school which they are privileged and permitted to attend.   There is nothing in the record to indicate or suggest that their welfare will be advanced or promoted by taking them from their farm home into the city, and yet that is in all probability what will happen.   We are clearly of the opinion that the welfare of the minor children will be best served, under existing conditions, at least, by leaving them with their father and in their present home.   The welfare of the children is the paramount consideration.   If conditions change so that other arrangements become necessary, in the best interest of the children, the trial court has the power to modify the decree in that regard.   The right of visitation at all reasonable times should be insured to the mother.   We think that the order and judgment of the trial court must be modified and the custody of the five boys should, under existing conditions, remain with the father.

With reference to the alimony award, it will become necessary to examine the evidence in some detail.   The record shows that the defendant has title to one half section of land and holds a contract for a deed covering a third quarter.   There is an incumbrance of $1800.00 on the NW$\frac{1}{4}$ of Sec. 25, together with the accumulated taxes of four years, amounting to $442.64, up to December 1922, making a total incumbrance on the latter date of $2242.64.   On the NE$\frac{1}{4}$ there are accumulated taxes of four years, amounting to $445.00.   That is the homestead and is estimated to be worth $4500.00.   The other quarter is estimated to be worth $3000.00.   After deducting the incumbrances on that quarter, the equity of the defendant therein was less than $800.00 in December, 1922.   With respect to the third quarter, which is the SW$\frac{1}{4}$ of 25–158–88, it appears that he agreed to pay more for that quarter than it was worth; that at the time of the trial it was worth not over $4000.00, and that he had paid thereon only $600.00.   The contract price does not clearly appear in the record, but his equity, if any, in that quarter appears to be entirely negligible.   Therefore, it

the plaintiff. The court found the real property to be worth $5000.00 The home place he purchased with money he had before he married and that the personal property was worth $3000.00. The court made seems that his equities in real property do not much exceed $4700.00. no findings as to the indebtedness of the defendant, but from the record, it appears that he owed, at the time of the trial, about $2500.00, exclusive of the mortgage indebtedness of $1800.00, and taxes, and interest. Taking all the items of personal property, as detailed by him when cross examined under the statute, it appears that the personal property upon the place was worth about $2600.00. It would seem, therefore, from the record, that the net worth of the defendant, at the time of the trial, accepting the testimony at its face value, was approximately $4700.00. In view of our conclusion as to the custody of the children, the alimony award should be modified. See 19 C. J. 259. The girl, Nora, was 16 years of age at the time of the trial. Inasmuch as the burden of keeping the family and the children together is left upon the father, we think that a fair award, in view of the small equities in the property, which temporary misfortune may entirely wipe out, would be $1200.00, payable in four equal annual installments of $300.00, payable on the first day of November each year, and $15.00 per month for the support of the daughter until she becomes of age. Defendant has already paid $350.00 attorney fees and suit money. Under the circumstances, we think an additional allowance of $100.00 for attorney fees is reasonable. The judgment of the trial court should be modified accordingly. It is so ordered.

BRONSON, Ch. J., and NUESSLE, BIRDZELL, and CHRISTIANSON, JJ., concur.