## JAQUES v. JAQUES.

No. 3622.   Decided June 1, 1921.   (198 Pac. 770.)

1.  DIVORCE—MODIFICATION OF DECREE AS TO CUSTODY OF CHILDREN DISCRETIONARY WITH COURT. Under Comp. Laws 1917, § 3000, the court may exercise a sound legal discretion in determining whether a divorce decree awarding custody of infant children to paternal grandmother shall be modified in respect to the custody and control of the children, on application of mother, notwithstanding section 3004, providing that the mother shall be entitled to the care, control, and custody of minor children under the age of 12, unless it shall be made to appear in court that the mother is an immoral or otherwise incompetent or improper person, since such statutes should be considered and construed together.

2.  DIVORCE—JUDGMENT, ON APPLICATION TO MODIFY DECREE AS TO
    CUSTODY OF CHILDREN, NOT DISTURBED, IN ABSENCE OF SHOWING
    OF ABUSE OF DISCRETION. The Supreme Court should not inter-
    fere with judgment of district court on application for modifi-
    cation of divorce decree in respect to custody of children, under
    Comp. Laws 1917, § 3000, unless it is made to clearly appear
    that the court abused its discretion.

3.  DIVORCE—REFUSAL TO MODIFY DECREE AWARDING INFANT CHIL-
    DREN TO PATERNAL GRANDMOTHER HELD NOT ABUSE OF DISCRETION.
    Refusal to modify decree awarding custody of infant children
    to father's mother on application of mother, who had remar-
    ried, under Comp. Laws 1917, § 3000, *held* not an abuse of
    discretion, notwithstanding section 3004.

4.  APPEAL AND ERROR—FINDING UNSUPPORTED BY EVIDENCE HARM-
    LESS, IN VIEW OF IMMATERIALITY. On mother's application to
    modify decree awarding infant children to paternal grand-
    mother, insufficiency of evidence to support a finding that the
    mother consented that the children be placed in the care of
    the grandmother *held* immaterial, on appeal from refusal to
    modify decree, since no prejudice resulted from the finding;
    it not being essential to the conclusions reached by the court.

5.  DIVORCE—MOTHER'S CONSENT TO AWARDING OF CHILDREN TO
    PATERNAL GRANDMOTHER NOT CONTROLLING ON SUBSEQUENT AP-
    PLICATION FOR MODIFICATION OF DECREE. That mother, on being
    granted a divorce, consented that infant children be awarded
    to their paternal grandmother, was not controlling on mother's
    subsequent application for modification of decree as to custody
    of children.

Appeal from District Court, Second District, Davis County;
*A. E. Pratt,* Judge.

Action by Kathryn P. Jaques against Henry A. Jaques.
A decree was rendered granting plaintiff a divorce and
awarding custody of infant children to defendant's mother.
Plaintiff's motion to modify the decree in respect to custody
of children denied, and plaintiffs appeals.

AFFIRMED.

*Jos. E. Evans* and *C. R. Hollingsworth,* both of Ogden, for
appellant.

*De Vine, Howell, Stine & Gwilliam,* of Ogden, for respondent.

FRICK, J.

On July 28, 1920, the plaintiff filed a motion, supported by affidavits, in the district court of Davis county, to modify a certain decree entered by said court on March 4, 1916, in which plaintiff was granted a divorce from the defendant, her former husband, in which the mother of defendant, the grandmother of the two children, was awarded the "sole, care, custody, and control" of said children.

The record discloses that plaintiff and defendant were married in Davis county in May, 1909; that as the issue of said marriage two children were born, one, a girl, born August 31, 1910, and the other a boy, born April 23, 1913; that plaintiff obtained a divorce from the defendant upon the ground of cruel treatment; and that she thereafter, on December 7, 1918, married her present husband, a Mr. Reece, with whom she is now living at Rawlings, Wyo

The application to modify said decree was made pursuant to Comp. Laws Utah 1917, § 3000, which reads as follows:

"When an interlocutory decree of divorce is made, the court may make such order in relation to the children, property, parties, and the maintenance of the parties and children as shall be equitable; provided, that if any of the children have attained the age of ten years and are of sound mind, such children shall have the privilege of selecting to which of the parents they will attach themselves. Subsequent changes, or new orders, may be made by the court in respect to the disposal of the children or the distribution of property, as shall be reasonable and proper."

The defendant and the grandmother resisted the application in the district court, and, after a full hearing, said court refused to modify the decree, and entered judgment that the children remain in the care, custody, and control of the grandmother. From that judgment the plaintiff appeals.

Plaintiff insists that the district court erred in denying her motion and in refusing to award the children to her. At the hearing considerable evidence was produced both in

support of and in opposition to plaintiff's application. The court found that the grandmother and the plaintiff are both fit and proper persons to have the care, custody, and control of the two children. In view of that finding, and in view of our statute (Comp. Laws Utah 1917, § 3004), plaintiff's counsel vigorously contend that the district court erred in refusing to award the children to their client. Section 3004 reads as follows:

"In the case of the separation of husband and wife having minor children, the mother of said children shall be entitled to the care, control, and custody of all such children; provided, that if any of said children have attained the age of twelve years and are of sound mind, such children shall have the privilege of electing to which of the parents they will attach themselves; provided further, that if it shall be made to appear to a court of competent jurisdiction that the mother is an immoral or otherwise incompetent or improper person, then the court may award the custody of said children to the father or make such other order as may be just."

In our judgment the provisions of sections 3000 and 3004 must be considered and construed together, and when so considered and construed the district court, before whom the application is made under section 3000, may exercise a sound legal discretion in determining whether the application for a change of the custody and control of the children should be made or not. Where, as here, a divorce is granted to one of the parents of children of tender age, and at such time a proper disposition respecting the care, custody, and control of such children is made by the court and such children are placed in the care, custody, and control of one of the grandparents, where they are being properly reared, educated, and provided for, the court may well hesitate before ordering the care, custody, and control of the children changed. This is especially true where, as here, the children seem attached to their grandmother and express a desire to remain with her. While it is true that after examining all of the evidence, all of which is preserved in the bill of exceptions, and basing our judgment upon the record alone, the writer, as well as at least some of his

Associates, would have felt inclined to grant plaintiff's motion, yet merely to judge the matter in the light of the printed record is not conclusive. The trial court had before him all of the interested parties, the witnesses, and the children, and in hearing and seeing them, and in communicating with them personally, could much better judge of the weight and effect that should be given to their statements, or to the statements of any one of them, than can the members of this court. Then, too, the court could judge more accurately than can we what force or effect should be given to ascertain circumstances which are disclosed by the record and which it is not necessary to specifically mention here.

In view of what has just been said, this court should not interfere with the judgment of the district court in such cases, unless it is made to appear with at least **2, 3** considerable clearness that the court abused its discretion in the premises. After a careful perusal of the record, and after thoroughly considering plaintiff's contention, we are unable to say that the district court abused the discretion vested in it, and hence we may not interfere with the judgment.

It is also assigned as error that the court found that at the time the divorce was granted "the plaintiff consented that said children might be given into the care and to the custody and control of their paternal grandmother," for the reason that there is no evidence to support such finding. We are of the opinion, however, that the court was justified in making said finding as an inference or **4, 5** deduction from certain facts and circumstances in evidence. Assuming, however, that such were not the case, yet, in view that the finding is not controlling—indeed, is not essential to the conclusions reached by the district court— no prejudice resulted to the plaintiff from the finding.

There are two other findings complained of, neither of which is prejudicial to plaintiff's rights in the premises. There was, however, some evidence, both direct and inferential, in support of those findings.

We have refrained from referring to the evidence, or

stating it even in substance, for the reason that nothing whatever could be gained by doing so. Nor is it necessary to discuss the law further. Where, as here, the question affects the care, custody, and control of children of tender ages, much must be left to the sound legal discretion of the district court. That court having exercised that discretion in accordance with the law, we should not interfere, unless we can point to some matter or thing indicating that that court has abused its discretion in the premises.

We are unable to do that in this case, and hence we are required to affirm the judgment. Such is the order.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.