A. FLATH, Respondent, v. CENS NELSON and Mrs. Cens Nelson, Appellants.

(207 N. W. 444.)

**Guardian and ward — in awarding custody of or appointing a guardian for, a child, court must be guided by what is for the best interest of child.**

1. Under § 4161, in awarding the custody of a minor or in appointing a general guardian, the court or judge is to be guided by what appears to be for the best interests of the child, in respect to its temporal and its mental and moral welfare.

**Parent and child — wishes of deceased parent governs in choice of one of two persons equally entitled to custody of child.**

2. Under § 4462 of two persons equally entitled to the custody, in other respects, preference is given to one who was indicated by the wishes of a deceased parent.

Note.— (1) Denial of custody of child to parent for its well-being, see annotation in 41 L.R.A.(N.S.) 564; 9 R. C. L. 475; 2 R. C. L. Supp. 810; 5 R. C. L. Supp. 513; 12 R. C. L. 1106, 1115.

**Guardian and ward — maternal grandparents entitled to custody of child as it was wish of deceased mother of child.**

3. The mother of Lois Flath, before her death indicated her wishes in writing, that her parents should have the custody of her child Lois Flath in case of her death, and in accordance with such expressed wish the defendant, Cens Nelson is entitled to be appointed guardian of the said Lois Flath.

Opinion filed January 29, 1926.

Guardian and Ward, 28 C. J. § 40 p. 1076 n. 86; § 42 p. 1077 n. 97. Parent and Child, 29 Cyc. p. 1594 n. 85; p. 1601 n. 3Q.

Appeal from the District Court of Mountrail County, *Lowe, J.* Modified.

*F. W. Medbery* and *Palda & Aaker,* for appellants.

Before any court has jurisdiction to appoint a guardian for an infant, there must be no existing guardian. 12 R. C. L. 1114.

Testamentary guardianship is not authorized in this state; but the expressed wish of the parent, and especially when made shortly before dissolution, will influence the court, and, other things being equal, will determine the appointment. Were this case triable de novo, however, we should feel bound to regard the dying request of the mother. Re O'Connell (Iowa) 71 N. W. 211.

Where expressed wishes of a deceased parent coincide with the court's view of the child's highest welfare, all rights of preference based on blood relationship or any other consideration are subordinated. Cleghorn v. James, 68 Ga. 87.

An invalid testamentary appointment may be effective as an expression of parental preference. 21 Cyc. 35; Fuqua's Succession, 27 La. Ann. 271; Griffin v. Sarsfield, 2 Dem. 4; Foster v. Mott, 3 Bradf. 409.

The parental request is entitled to great weight and ought to prevail in the absence of good reasons to the contrary. Badenhoff v. Johnson, 11 Nev. 87.

The paramount consideration of the infant's welfare precludes the appointment, as guardian of his estate, of a person whose interests are antagonistic to those of the infant. 28 C. J. 1076.

*F. F. Wyckoff* and *McGee & Goss,* for respondent.

At common law a deed is defined as a writing sealed and delivered by the parties.   8 R. C. L. 922.

We believe that all the statutes authorizing the admission to probate of holographic wills as such require them to be dated.   Failure to respect this requirement is fatal to the will.   58 Cal. 530; Fuentas v. Gaines, 25 La. Ann. 85; Heffner v. Heffner, 48 La. Ann. 1088; 20 La. Ann. 281.

Though all the rest of it is conceded to be in the handwriting of the testator, if the date is proven to have been written by another, it must be denied probate.   Behrens's Estate, 130 Cal. 416, 62 Pac. 603.

The whole of the date must be in the testator's handwriting.   Hence, if he writes his will on a letterhead, using the figures printed thereon as part of the date, and without considering such figures the date cannot be known, the will cannot be supported as an holographic will. Robertson's Succession, 49 La. Ann. 868, 62 Am. St. Rep. 672.

In awarding the custody of a minor or in appointing a general guardian the court or judge is to be guided by what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare.   Larson v. Dutton, 43 N. D. 21, 172 N. W. 869.

BURKE, J.   This is a controversy over the appointment of a guardian for one Edna Lois Flath, a child of four years.   The plaintiff and respondent, A. Flath, is the paternal grandfather of the child, and the defendants and appellants, Cens Nelson and Mrs. Cens Nelson, are the maternal grandparents of said child.   The action was originally started in the county court of Mountrail county, and on appeal to the district court, the judge made his findings of fact and conclusions of law, giving his reasons therefor in a memorandum opinion, awarding custody to both parties, subject to agreement as to time.

On November 19, 1918, Harold Flath and Clarice Nelson were married.   They were only children at the time, Harold being nineteen years of age, and Clarice seventeen.

On page 133 of the record Mr. Nelson testifies, "Well the kids had been going together some, and the Flaths wanted them to get married and run the farm for them.   I first objected but finally consented." Flaths were to set them up in life and give them equipment on the farm, so the children were married and sent to live on the farm near

Churches Ferry, about 200 miles from the homes of their parents, at Stanley and Ross. Of course they failed, they left the farm, Clarice worked in a telephone office at Ross, and Harold worked when and where he could find work.

On the fifth day of March 1920 their child Lois was born. Harold took out an insurance policy on his life, with double indemnity. The initial and second premium being paid by Lizzie Flath, his mother, and two policies were issued, one running to Lizzie Flath for $4,000, and one to Clarice Flath for $1,000. On the 24th day of August 1921, Harold Flath was killed in a train accident, and little more than two years later, on April 13, 1923, Clarice Flath died, leaving the child Lois Flath an orphan.

It appears from the testimony at the trial, and from the arguments and briefs of counsel, that there is such feeling existing between the plaintiff and defendant, that there is no possibility of their co-operation in the guardianship of their grandchild.

The child's mother Clarice Flath, left a little memorandum book, defendants exhibit 6, in which there is written in her own handwriting the following:

"In case of my death I wish my parents to have Lois. They have taken care of her since she was two and half weeks old and she loves them more than any one else."

                                                    Clarice Flath.

Here the mother has expressly declared her wish that the guardianship of her child should be given to her parents in case of her death. She had lived with her parents and with her husband's parents after Lois was born, and she was in a position to judge between the grandparents.

Under § 4462, Comp. Laws, 1913, "Of two persons equally entitled of the custody in other respects preference is to be given as follows:

1. To a parent.

2. To one who was indicated by the wishes of a deceased parent.

3. To one who already stands in the position of a trustee of a fund to be applied to the child's support.

4. To a relative.

Since the defendant was indicated by the deceased parent Clarice Flath, and the plaintiff does not claim any right to the guardianship,

under subdivision 3 of § 4462, Comp. Laws 1913, the defendant Nelson is preferred under the law, other things' being equal. The defendant is a much younger man than the plaintiff, strong and healthy, and has no other children. The Nelsons were able to raise and educate their daughter Clarice, and while they are poor, there is no evidence that they are not able to raise and educate Lois who is now about six years old. Clarice passed out of their lives at a very tender age leaving little Lois to take her place. It would be cruel to take her away, except upon very good cause shown. None has been shown and it is the judgment of this court that the judgment of the district court be and is hereby modified by giving to the defendant Cens Nelson the sole guardianship and custody of the child Lois Flath, and judgment is ordered to be entered in accordance herewith.

CHRISTIANSON, Ch. J., and JOHNSON, BIRDZELL, and NUESSLE, JJ., concur.