MYRA BURBAGE GARRETT, Respondent, v. JOHN E. BURBAGE and Mrs. Robert Sharp, Appellants.

(215 N. W. 479.)

**Parent and child — custody of child of divorced parents.**

1. A parent's right to the custody of a child is preferred by § 4462, Comp. Laws 1913, but in awarding the custody of a child the court will be guided by § 4461, Comp. Laws 1913, which provides that the court must consider what appears to be for the best interest of the child.

**Parent and child — surviving parent may be given custody of child — habeas corpus.**

2. Upon the death of a father, who had been awarded the custody of a child in a divorce proceeding, the mother may be given the custody of the child in a habeas corpus proceeding against persons who were not parties to the divorce action, it appearing from the evidence that the mother is a suitable person to have such custody, that she has a good home, and is able to care for and educate the child.

Opinion filed August 24, 1927. Rehearing denied October 22, 1927.

Parent and Child, 29 Cyc. p. 1590 n. 55; p. 1594 n. 85.

---

Note.— (1) Right to custody and control of child subject to regulation by court, see 20 R. C. L. 598, 599; 3 R. C. L. Supp. 1087.

Appeal from the District Court of Burleigh County, *Jansonius, J.* Affirmed.

*Sullivan, Hanley & Sullivan,* for appellants.

"Except in some jurisdictions, an application for modification of a decree as to the custody of the children should be made in the court in which the decree was rendered." 19 C. J. 352; Julian v. Julian, 60 Ind. App. 520, 111 N. E. 196.

The application is regarded as a continuation of the original action. Kendell v. Kendell, 5 Kan. App. 688, 48 Pac. 940.

The application may be made by motion in the original cause. Karren v. Karren, 95 Am. St. Rep. 815, 69 Pac. 465.

"Subsequent changes may be made in a decree of divorce by a court in respect to the disposal of children, but no such change can be made by an independent suit seeking relief, but must be applied for in the original proceedings." Ibid.

A proceeding involving the permanent custody of a minor child is a proceeding in rem, in which the res is the child in its custody. 29 C. J. 109; Terry v. State, 110 N. W. 733.

*Dullam, Young & Burke,* for respondent.

The surviving parent immediately becomes reinvested with full right to the custody of the child upon the death of the parent to whom its custody had been on the divorce action. Bell v. Krause, 146 Pac. 847; Schammel v. Schammel, 38 Pac. 729.

"The right of a parent to his child will often yield to consideration of its welfare, but special circumstances must exist in order to open the way to an inquiry in that regard. A court may not assume to disturb normal family relations merely on the belief that it can thereby improve existing conditions." Hollinger v. Eldridge, 132 Pac. 1181.

PER CURIAM. This is a habeas corpus proceeding for the custody of William Eugene Burbage, the child of Fred and Myra Burbage, who were divorced on the fourth day of August 1922. The decree of divorce gave the custody of the child to the father, Fred Burbage, who with his father, John E. Burbage, placed the child in the care of Mrs. Robert Sharp, where it has been since the divorce. Fred Burbage died in January 1923, and upon his death the petitioner demanded and has continued to demand the custody of her child.

Findings of fact and conclusions of law were made favorable to the petitioner, the writ granted, and the defendants appeal.

It is the contention of the defendants that, since the decree of divorce granting the custody of the child to Fred Burbage was entered in Morton county, the district court of Burleigh county has no jurisdiction of the case. Appellants contend that any modification of a decree awarding the custody of the child should be made by the court granting the decree, which is probably true if a modification is necessary.

It is the contention of the respondent that a modification of a decree is not necessary when the party to whom the custody is given dies; that the divorce action was an action between Fred Burbage and Myra Burbage, and that since Fred Burbage is dead there can no longer be any dispute between the parties to the action of which the court had jurisdiction; that upon the death of Fred Burbage, Myra Burbage succeeded to her statutory right as a parent to the custody of her child and that the proper procedure is by habeas corpus, which could not be had in Morton county, for the reason, that the child was not in that county or in that judicial district. In support of this position respondent relies on the following authorities: Re De Saulcs, 101 Misc. 447, 167 N. Y. Supp. 445; Stone v. Duffy, 219 Mass. 178, 106 N. E. 595; Re Robinson, 17 Abb. Pr. 399, note; Re Allen, 162 Cal. 625, 124 Pac. 237; Bryan v. Lyon, 104 Ind. 227, 54 Am. Rep. 309, 3 N. E. 880. These authorities go so far as to hold that the decree of a divorce court has no legal operation beyond the joint lives of the parents and that on the death of the party to whom the custody of the child is given in the divorce action all matters of the status of the parties and their infant cease to be affected by their decree of divorce, and the decree has no further future operation.

In the case of Barnett v. Blakley, 202 Iowa, 1, 209 N. W. 412, the Iowa court said: "The courts generally have departed from the original purpose of the writ which was to determine whether or not the petitioner was being illegally imprisoned. As now used and recognized, in cases involving the custody of children, the writ of habeas corpus operates to invoke the broad power of the court of an equitable nature to determine the question of custody of a minor child according as the welfare and best interest of the child may require, having due regard to the legal rights of parents, or others. The decree awarding custody of a

child in a divorce action is provisional and temporary in character, and is not rest adjudicata except as to the facts and conditions before the court at the time of the decree, even as between parties." It will be noted that two important matters are considered by the Iowa court, first, the welfare of the child, and second, the right of the parents and others.

The Kansas Court in Purdy v. Ernst, 93 Kan. 157, 143 Pac. 429, held: "That after the death of the party to whom the custody was given the original order in the divorce court might be modified and the custody of the child given to the surviving wife." In this case the court said: "The form of proceeding is not very material, but, since a change of custody necessarily works a modification of the original order, it is proper to proceed in the divorce action. The natural right of the mother to the custody of the child was not completely annulled by the divorce decree, and upon the death of the father revived, subject to the condition that she was a suitable person." The court cites as authority: Re Hollinger, 90 Kan. 77, 132 Pac. 1181; Pinney v. Sulzen, 91 Kan. 407, 137 Pac. 987, Ann. Cas. 1915C, 649. It will be noted that the court said: the form of the proceeding is not very material, and it quotes with approval from Re Hollinger and Pinney v. Sulzen, both habeas corpus cases, and both holding that the surviving husband who was deprived of his child in a divorce action, might on the death of his former wife regain the custody of his child in such proceeding against any other person if he is shown to be a fit person.

Under these Kansas decisions, the important thing is not the kind of a proceeding, but, first, the welfare of the child, and second, the right to its custody, and if the parent is a fit person he will be given the custody of his child in a modified decree in the divorce court, or he may proceed by habeas corpus. In other words, the important matters involved, viz, the welfare of the child, and the right to its custody had been litigated in the two cases in habeas corpus proceedings and in the one case by a modification of the divorce decree, and the supreme court being of the opinion that the important matters were decided right, affirmed the judgment in each case.

Section 4424, Comp. Laws 1913, recognizes the natural right of the parent to the child and provides that if the father is dead, or is unable, or refuses to take the custody, or has abandoned his family the mother is entitled to the custody of the child. In the case at bar the father is

dead and the mother under the statute is entitled to the custody of the child; but under § 4461, Comp. Laws 1913, in awarding the custody of a child the court is to be guided by what appears to be for the best interest of the child in respect to its temporal and its mental and moral welfare. But, as between parents, neither parent is entitled to it as a matter of right, and under § 4462, Comp. Laws 1913, preference is given to a parent as between a parent and others.

The defendants in the case at bar are not parties to the divorce action; they are not bound by it; they do not live in the judicial district in which the judgment was rendered, but they do live in the county and judicial district in which this action was brought. They have appeared and answered. The court has jurisdiction over them; over the child and over the subject matter. The welfare of the child, the fitness of the mother, and her right to its custody were litigated in the trial court, and the findings and conclusions of that court that the mother is a fit person, that she has a good home and is well able to care for and educate her child are well supported in the evidence. The judgment is affirmed.

BIRDZELL, Ch. J., and BURKE, NUESSLE, CHRISTIANSON, and BURR, JJ.; concur. .