[File No. 6905]

ANNA BORG, Appellant, v. ARTHUR SIDNEY ANDERSON, Respondent.

(11 NW(2d) 121)

Opinion filed September 16, 1943. Rehearing denied October 6, 1943

*F. T. Cuthbert,* for appellant.
*Sinness & Duffy,* for respondent.

MORRIS, Ch. J. This action involves the custody of the eleven year old daughter of the defendant Arthur Sidney Anderson. She is now in the custody of the plaintiff, Anna Borg, who is the child's maternal grandmother. The record discloses the following facts. When the child was six months old her mother was suffering from tuberculosis and the defendant decided to take her to Albuquerque, New Mexico. The child in question was turned over to the plaintiff. At that time the child's mother said to the plaintiff "I give Beverly to you." The plaintiff took Beverly and has raised her in her home until the present time. At the time the Andersons left for New Mexico another daughter, Jacqueline, who was two years older than Beverly, was placed in custody of Mr. Anderson's parents. The children's mother died of tuberculosis in New Mexico in July 1933.

At the time he went to New Mexico, the defendant had what he called a fester on his back that was first diagnosed as tuberculosis of the spine. After reaching New Mexico the defendant was in bed for almost eight months. After he improved and was able to get about, he went to California where other physicians diagnosed his ailment as a fistula. He still suffers from this ailment which heals up and breaks out again intermittently. The defendant is an optometrist and while in California took further college work and qualified for a license to practice his profession in that state. He returned to North Dakota in 1936. He did not see Beverly during his absence from North Dakota but visited her at least once a year after his return. These visits never lasted more than a day or two. Upon his return to this state the defendant practiced optometry in Bismarck until 1940 and at Minot from 1940 to 1943 when he moved to San Diego, California where he is now located. He re-married in 1939. He has taken the older child Jacqueline into his home in California. His parents are dependent upon him for support and he proposes to secure for them a small house near his own home. He now seeks to have Beverly returned to his custody so that he may provide for her in the home that he has re-established.

The grandmother has had Beverly in her own home and has raised her as her own child since she was six months old. In addition to the grandmother the family consists of the grandfather, seventy-one years of age who is in poor health due to heart trouble and other illnesses, an

unmarried daughter who formerly worked out but who for the last four years has lived at home and another unmarried daughter who teaches school and spends her vacations at home. They live in a rented house in the town of Hampden. The plaintiff owns a section of land near by which is mortgaged, one half section for $4500 and the other for $4800 less some payments. This farm is well improved and is farmed by a son who gives the plaintiff a share of the crops and produce as rental. The plaintiff also owns some personal property including six cows and six head of young stock. The taxes on the farm are paid up. It is not contended that there is any apparent danger of foreclosure. There is a high school giving the usual four year course in the town. Beverly is now in the sixth grade. The plaintiff and her family appear to be substantial, diligent people of good morals and habits who attend the church of their faith in the usual manner of the average American family.

Beverly has expressed definite preference for her present home. There is no question but that this home is a proper one in which to raise a child and there is no contention that she is therein subject to any neglect or improper influence. On the other hand there is no suggestion that the father and his present wife are not suitable persons to have custody of the child or will not treat her with consideration usually given to a child of that age. It is the father's contention that he is now able to adequately support both of his children and that as a father he is legally entitled to their custody. He already has the older daughter and now feels that the two sisters should live together in his home.

Beverly has been supported largely by the plaintiff by whom the child has been well and affectionately cared for. Since her father recovered some of his earning capacity he sent her cash, clothing and fruit from time to time and during the last three years has contributed $10 per month to her support. He also purchased for her a $500 government bond.

The following statutory provisions bear upon the right to the custody of a minor. Section 4461, ND Comp. Laws 1913:

"In awarding the custody of a minor or in appointing a general

guardian the court or judge is to be guided by the following considerations:

1.  By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare; and if the child is of sufficient age to form an intelligent preference, the court or judge may consider that preference in determining the question.

2.  As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child is of tender years, it should be given to the mother; if it is of an age to require education and preparation for labor or business, then to the father."

Section 4462, ND Comp. Laws 1913:

"Of two persons equally entitled to the custody in other respects preference is to be given as follows:

1.  To a parent.

2.  To one who was indicated by the wishes of a deceased parent.

3.  To one who already stands in the position of a trustee of a fund to be applied to the child's support.

4.  To a relative."

In a case involving the custody of a child the court sits as a court of equity. "Its controlling consideration must be the interests of the child, and its paramount duty is to leave that child where those interests will be the best subserved." Re Sidle, 31 ND 405, 154 NW 277. The doctrine that in determining the custody of a child the paramount consideration is the child's welfare is one of general application that obtains in most courts throughout the country. It has been reiterated by this court in Larson v. Dutton, 43 ND 21, 172 NW 869; Flath v. Nelson, 53 ND 603, 207 NW 444 and Garrett v. Burbarge, 55 ND 926, 215 NW 479. See also Nelson v. Ecklund, 68 ND 724, 283 NW 273.

On the one side we have the parent's right to the custody of his child and his desire to have his two children together in his home. With respect to him the trial court found that he has net assets of approximately $18,000 which includes his home recently purchased in California, that he has visited his daughter Beverly annually since 1936 and has contributed to her support the sum of $977 of which $10 per

month was paid to the plaintiff during the past three years, that he is financially able to care for Beverly and educate her, that he is a fit person for that purpose and has never agreed that the plaintiff might keep her permanently and has never abandoned her.

With respect to the grandmother the court found that she had cared for the child during the tender years of her life and has a strong affection for her. They reside in the village of Hampden in a town of approximately 200 in which there is a high school. The grandmother is sixty-four years of age, in good health, and is able and willing to care for and educate Beverly. She owns a section of land subject to approximately $9,300 in encumbrances. This land is operated on a share basis by her son. She owns a small amount of personal property. She has two sons and two daughters who express themselves as being willing to assist the plaintiff financially in caring for and educating Beverly.

The trial court reached the conclusion that under the circumstances the legal rights of the father should prevail and awarded to him the custody of the child. The case comes to us for trial de novo upon appeal from the judgment entered in accordance with the findings and conclusions of the trial court.

After careful consideration of the record we have reached the determination that the welfare of the child which is the paramount consideration out-weighs the legal rights of the father and that the child should remain where she now is. This is the only home that she has known. While her grandparents are elderly people she is in addition to them surrounded by other close relatives who have deep affection for her and who have expressed themselves as willing, if necessary, to assist in caring for and educating her. She testified briefly at the trial and stated a definite preference for her present home. That home was also the preference of her mother expressed shortly before she left for New Mexico. The father has in the past been totally incapacitated for a considerable period of time during which he was unable to practice his profession or otherwise earn a livelihood. He has not fully recovered. No medical testimony was introduced. It does not appear whether it is probable that his recovery will be complete or permanent. He has very recently moved to a distant state where his earning power has not yet been established or determined although he feels that he will be suc-

cessful in his new location. He now in addition to the support of his own family has the added financial burden of caring for his parents. He has no life insurance. His family is dependent upon his earnings for their livelihood.

Although the plaintiff and her family are somewhat limited as to means they are far from being poor. If the child is left in her present home there seems little likelihood that she would lack care, comfort or a normal education. Her moral surroundings are of the best. She is entering upon the age of adolescence. At least some emotional shock will of necessity result from disrupting the normal life to which she has become accustomed and severing her connections with the people for whom she has developed deep affection. We have reached the conclusion that the welfare of the child requires that she be permitted to remain in the custody of the plaintiff. The judgment appealed from is therefore reversed.

CHRISTIANSON, BURR, NUESSLE and BURKE, JJ., concur.

MORRIS, Ch. J. (On petition for rehearing). In a petition for rehearing the respondent points out that § 8878, ND Comp. Laws 1913, provides that the father, if competent to transact his own business and not otherwise unsuitable, is entitled to the guardianship of a minor. This section deals with the appointment of guardians by the county court which under section 111 of the State Constitution is given exclusive original jurisdiction of the appointment of guardians. The appointment of a guardian does not present the identical question involved in a proceeding to determine the custody of a minor. In the latter instance, the district court clearly has jurisdiction to determine to whose custody the minor shall be committed. In such a proceeding as the one now before us, the right to letters of guardianship provided by the Probate Code (§ 8878, ND Comp. Laws 1913) is not controlling as to custody.

As stated in the petition for rehearing: "This case started out to restrain the father from interfering with the custody of his daughter. By stipulation it was converted into something similar to habeas corpus." It is now suggested that the proceeding might now be reconverted to its original status. Compliance with this suggestion is not

only undesirable but unfeasible. The case was tried in the district court and presented here on appeal as a proceeding involving the custody of a child. It was briefed and argued as though it were an application for a writ of habcas corpus. Most of the authority cited in the original opinion involves such an application. We have determined that the plaintiff is entitled to custody of the child and upon further consideration of the points set forth in the petition for rehearing we adhere to our former determination which is of the same effect as if rendered on habeas corpus.

In Knapp v. Tolan, 26 ND 23, 142 NW 915, 49 LRA(NS) 83, this court said:

"The determination of a court on habeas corpus respecting the custody of children stands upon a different footing than a decision in a case where the writ is used as a writ of liberty. Here its decision is res judicata, and precludes the issuance of a second writ upon the same state of facts. 9 Enc Pl & Pr 1070. The district court was not bound to deliver the child into the custody of either claimant, but had the power and the duty to leave it in such custody as its welfare seemed to require. Until some new fact or change of circumstances has occurred which has altered the state of the case or the relative claims of the parties in some material respect, the decision of the district court is conclusive upon a subsequent application for a writ of habeas corpus."

Rehearing denied.

CHRISTIANSON, NUESSLE and BURKE, JJ., concur.

BURR, J. As the point is raised specifically I think we should show affirmatively that the disposition made of this case does not bar defendant from bringing proceedings for the custody of the child involved upon an alleged change of circumstances.