[File No. 7128]

# BEVERLY ROSE SJOL, Respondent, v. PALMER CARMIE SJOL, Appellant.

(35 NW2d 797)

Opinion filed Jan. 27, 1949.  Rehearing denied Feb. 11, 1949

*Wyckoff & Schulte,* for appellant.
*Halvor L. Halvorson,* for respondent.

PER CURIAM.  This is an appeal from an order of the district court modifying a divorce decree as far as it concerns the custody of the child of the marriage.  The modification was granted upon an order to show cause after a hearing on affidavits and oral testimony.

The plaintiff and defendant were married on July 20, 1946. The plaintiff was then seventeen years of age and the defendant thirty-two years of age.  A child, Lynn Barrie Sjol, was born to them on June 28, 1947.  At that time the parties were living apart and on August 25, 1947, the plaintiff was, after a trial, granted a divorce from the defendant on the grounds of cruel and inhuman treatment.  The custody and control of the child

was granted to the plaintiff, Beverly Rose Sjol. The defendant was given the right of visitation and ordered to pay $35.00 per month for the support of the child. No appeal was taken from that judgment.

Then, on September 22, 1948, a hearing was had upon an order to show cause on the petition of the defendant asking that the judgment be modified to the extent of giving the defendant the custody, care and control of the child, Lynn Barrie Sjol. At the end of the hearing on September 23rd, the court made an order modifying the original judgment to the extent of giving joint custody of the child to plaintiff and defendant and providing that the actual care and custody be in Mr. and Mrs. Wilfred Barstad until the further order of the court and providing further "that should either of the parties desire at the expiration of six months to submit further evidence in reference to the legal custody of said child, such application may be heard upon ten days' written notice to the adverse party and to the court."

The defendant takes this appeal from that order.

Both parties on this appeal question the authority of the court to make this order under the evidence presented. Both parties object to joint legal custody in them and actual custody in a third party.

In Keezer on Marriage and Divorce, Second Edition, page 414, it is said that "Decrees for custody are generally regarded as temporary and are rarely made final but the court retains the power to modify them for cause shown, at any subsequent time, . . . . The decree remains open and subject to modification until the children are of age." See also: Jaques v. Jaques, 58 Utah 265, 198 P 770; Novotny v. Novotny, 152 Minn 420, 189 NW 258; Lefebvre v. Lefebvre, 48 Cal App 483, 192 P 76.

This court has, in several cases, heretofore held that the district court had the right and the duty to decide as to the custody of children in divorce actions in accordance with the welfare of the child. See Rufer v. Rufer, 67 ND 67, 269 NW 741 and cases cited. See also: In Re Sidle, 31 ND 405, 154 NW 277; Garrett v. Burbage, 55 ND 926, 215 NW 479.

Section 14–0522 NDRC 1943, provides that: "In an action for

divorce, the court, before or after judgment, may give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may vacate or modify the same at any time."

This statute clearly gives the court authority to modify a judgment as to custody from time to time as the best interests of the child may require.

Such modification rests largely in the sound discretion of the court, and "will be interfered with, only in case of clear abuse of such discretion." Keezer on Marriage and Divorce, Second Ed. 415. "The custody of children is entirely in the discretion of the court, which will be sustained unless abused, . . . ." 2 Schouler on Marriage and Divorce, 6th Ed. 2033. See also: Simmons v. Simmons, 22 Cal App 448, 134 P 791; Moore v. Moore (Tex Civ App) 213 SW 949.

The rules laid down by statute are that in awarding the custody of a minor the court should be guided by "what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare, . . ." and "As between parents adversely claiming the custody or guardianship, neither party is entitled to it as of right . . . ." Sec 30–1006 NDRC 1943.

Section 30–1007 gives preference to a parent or to a relative, but the courts have repeatedly held that custody may be awarded to a third party, "when the morals or safety or interests of the child demand it. Such an award is to be made, of course, in the exercise of a sound discretion." 2 Vernier, American Family Laws, Divorce and Separation, 191.

Keezer in Marriage and Divorce, Second Ed. 416, lays down the rule for modification of a decree as to custody, as follows: "Broadly stated, the controlling considerations are a change of circumstances, the conduct of the custodial party, the morals of the parents, their financial condition, the age of the children and the devotion of either parent to the best interests of the children."

It is clear that the district court had the authority, not only to make the disposition of custody as done in the original judgment, but also to modify it as done in the order appealed from. The

only question for this court is whether in so modifying the original judgment the court abused its discretion.

It appears from the evidence that after keeping the child two or three weeks at her mother's home the plaintiff placed the child with a Mr. and Mrs. Wilfred Barstad who have since that time and now have the care and actual custody of the child. They attempted an adoption and secured the plaintiff's consent thereto. The defendant, however, refused to consent so the adoption was abandoned. Later, the plaintiff consented to the Barstads taking the child out of the State. The plaintiff, the mother of the child, has visited the Barstads occasionally and the Barstads have taken the child at times to the places where plaintiff was staying. On June 22, 1948, plaintiff remarried one Thompson after keeping company with him for some four or five months. She lived with him only two months when he obtained a divorce from her on the grounds of infidelity. The circumstances of that divorce are not entirely satisfactory.

The defendant has kept up his payments for the support of the child reasonably well and was not in arrears at the time of the hearing. He has visited his son many times. He arranged for his baptism. He took out an educational insurance policy for him. He refused to consent to an adoption. He has shown a steady interest in the child. He is in better circumstances than the plaintiff to support and educate the child.

On this evidence, the court in its discretion changed the provision of the original decree which gave sole custody to the plaintiff to a joint custody in both plaintiff and defendant. There certainly was no abuse of discretion in that respect. The evidence well warrants that change.

Neither plaintiff nor defendant now has a home of her or his own. Plaintiff proposes to leave the child in the care and custody of the Barstads. The defendant proposes to place the child with his sister and her husband, Mr. and Mrs. Orlando Grendahl. The Barstads now live at Garrison, North Dakota, the Grendahls live at Van Hook, North Dakota. Both the defendant and the plaintiff now live at Minot, North Dakota. It will thus be seen that the Barstad home is much closer and more accessible to both plaintiff and defendant than the Grendahl home. It is conceded

that very good care was given the child by the Barstads. There was some dispute in the testimony as to whether the Grendahls are proper parties to give the best care to the child. On that issue the judge of the district court was in much better position than this court to pass judgment. He had before him the two proposed foster parents and the witnesses. He observed their demeanor and attitude. He exercised his discretion in leaving the child for the time being with the Barstads and so provided in the decree. That the court, however, had in mind that the situation was changing and that the best interests of the child might require further modification is shown by the provision in the order appealed from to the effect that either party could at the expiration of six months submit further evidence. The court held the matter open for further consideration at such time.

This court cannot say that the district court abused its discretion in the making of that order. Further action can be taken by either party at the expiration of six month of which less than three months remain.

The allowance to the plaintiff by the district court of fifty dollars for costs and disbursements is challenged by the defendant. He cites Sec 28–2618 NDRC 1943 which limits the costs of a motion to twenty-five dollars. This provision applies to motions generally. The proceeding here was more than a motion. It was a reexamination of one of the important phases of a divorce action which on defendant's application the court required plaintiff to defend. Witnesses were brought in and testimony taken. That necessarily incurred disbursements. Section 14–0523 NDRC 1943 provides that the court in divorce actions may in its discretion require either party to pay any money necessary "to prosecute or defend the action." Under that section there is authority for the court to require the plaintiff to pay for the disbursements necessary to enable the plaintiff to defend this proceeding. The allowance of fifty dollars for costs and disbursements therefor was not error.

The order of the district court is affirmed.

NUESSLE, C.J., CHRISTIANSON and MORRIS, JJ., and GRIMSON, Dist. J., concur.

BURR, J., did not participate.

BURKE, J. (concurring in part). I concur in the affirmance of that part of the order of the district court which directs that the child of the parties shall remain with the Barstads, but only for the reason, that the effect of the order is limited in duration and there is some doubt under the evidence as to whether it would be for the best interest of the child to place it in the home of defendant's sister. Upon the question of the nature and character of a home in which a child is to be placed the trial judge is not limited to a consideration of the evidence which the parties see fit to present in court. He has the power and the means to cause an investigation of the home to be made on behalf of the court. It may well be that the trial judge in this case had such an investigation in mind when he made the order we have under consideration.

As between the plaintiff and defendant, however, it is my view, that under the evidence, the defendant is entitled to the custody of his child and to the right to direct, subject to the supervision of the court, where the child shall be placed until he can provide a home of his own for it. All other things being equal, the home of a relative of the child would be entitled to preference.