In the Matter of the ADOPTION of Randy Alvin GODEJOHN and Cindy Ann Godejohn, minor Children.

Allan FRETHEIM and Evelyn Fretheim, Petitioners and Respondents,

v.

Reuben CARLSON, Director of the Division of Child Welfare of the Public Welfare Board of the State of North Dakota, et al., Respondents,

and

Oliver Roise and Marie Roise, Cross-Petitioners and Appellants.

Civ. No. 8651.

Supreme Court of North Dakota.

Aug. 31, 1971.

Rehearing Denied Oct. 4, 1971.

Ella Van Berkom, Minot, for petitioners and respondents.

Q. R. Schulte, Stanley, for cross-petitioners and appellants.

STRUTZ, Chief Justice (on reassignment).

Alvin and Mildred Godejohn, the parents of Randy and Cindy Godejohn, aged six and three years, respectively, the children involved in this proceeding, were in an automobile accident which occurred on October 8, 1969. As a result of injuries received in that accident, Mr. Godejohn died at the scene of the accident and Mrs. Godejohn died the following day. The two children were hospitalized for approximately ten days for injuries which they suffered in the same accident, and they then were taken into the home of the appellants, Mr. and Mrs. Roise. Mrs. Roise is a sister of Alvin Godejohn, the children's father.

Shortly after taking custody of the two children, the appellant Oliver Roise commenced guardianship proceedings and he was appointed guardian by the county court of Mountrail County. As such guardian, he holds and administers $60,000 received for the benefit of the children as a settlement for wrongful death of their parents, and he also receives monthly Social Security and Veterans Benefit payments as income for the children.

During the period in which the appellants had the custody of said children, the respondents, Mr. and Mrs. Allan Fretheim, filed a petition for their adoption. Mrs. Fretheim is a sister of the mother of the children. The appellants appeared in that proceeding and filed objections to the granting of the petition to adopt. The trial court suggested to the appellants that, instead of objecting to the respondents' pe-

tition, they should file a cross-petition to adopt. Such cross-petition thereafter was filed.

The facts presented at the hearing on such petition and cross-petition to adopt are, briefly, as follows:

—The appellants had had the custody of said children from the time they had been discharged from the hospital, except for a brief visit to the home of the respondents over the Christmas holidays of 1969. The appellants, Mr. and Mrs. Roise, are forty-six and thirty-seven years old, respectively. They operate a 1,185-acre farm, of which 480 acres are owned by them, 325 acres are rented from Mr. Roise's father, and the balance is rented from other parties. Their farm is operated as a grain and stock farm, with a foundation herd of about thirty breeding cows. The appellants, with their four children, live in a two-bedroom farmhouse to which they have attached a three-bedroom trailer home, thus giving them a home with five bedrooms. In addition to operating the farm, Mr. Roise drives a school bus for the Stanley school district. The record discloses that his income has averaged $12,000 or more each year.

—During the stay of the Godejohn children with the appellants, Randy, the older of the two, attended school in Stanley. The children were taken to the doctor for medical checkups, as a result of which Randy had his adenoids removed. The appellants belong to and regularly attend the Lutheran Church, which is the denomination to which the Godejohns belonged, and during the stay of the children with the appellants, they were taken to church and Sunday school every Sunday.

—A number of persons testified as character witnesses for the appellants, including the superintendent of schools of Stanley, where the children of the appellants attend school, and several businessmen and farmers, all of such witnesses stating that the appellants are sober, industrious, hard-working people whose home life is the very best.

—The appellants' four children are rather outstanding. The oldest was the regional winner of the American Legion oratorical contest and also won the national oratorical contest of the Junior Beef Association in Kansas City. A daughter, JoAnn, fifteen years of age, is a straight-A student in school. The third child, Kenneth, is in the fifth grade and has won an American Legion contest. The fourth child is of preschool age.

—The respondents, Mr. and Mrs. Fretheim, are thirty-two and twenty-seven years of age, respectively. Mrs. Fretheim is a sister of the children's mother. The Fretheims have four children of their own and live in a three-bedroom trailer home in a trailer court in New Town, North Dakota. There is a balance of $4,000 due on this trailer home. At the time of the hearing on the adoption petitions, the respondents had just completed or were in the process of completing a two-bedroom addition to their trailer home, on which addition there also is a balance due. Mr. Fretheim is employed by an oil company at Tioga and is paid a guaranteed minimum salary of $400 per month. He testified that his average income is approximately $8,000 a year.

—The respondents assert that they, too, are Lutherans, but they do not belong to or attend any church. Mrs. Fretheim stated that although they do not attend church services, she has private devotions with the children in the home. The only character witness who appeared for the respondents was a man who had helped them carpet their trailer home and who is the owner and operator of the Four Bears Bar, located a short distance from New Town. Although the respondents deny it, there is indisputable evidence in the record that Mr. Fretheim at times uses intoxicating beverages to excess.

The trial court, on the above record, granted the petition of the respondents to

adopt and denied the cross-petition of the appellants. A careful reading of the transcript, the memorandum decision, and the findings of the court reveals that the trial court found both families to be fit and proper to have custody of the children. The trial court described the appellants as being "somewhat more than an average family" and the respondents as "an average family," and then found that the children would be well cared for by either family. The trial court further indicated that the appellants might be too strict, and that the Godejohn children therefore would perhaps be happier if they lived with the respondents, where so much would not be expected of them. It further pointed out that the respondents, immediately after the accident, expressed a desire to make a home for the Godejohn children and filed their petition for adoption first, while the appellants were more cautious and filed a petition for adoption only after they had been appointed guardians and after a suggestion had been made by the court that they file such cross-petition.

The trial judge evidently felt some doubt about the correctness of his decision, for he stated: "Now, there is some consolation to me in knowing that if I am wrong, there is a right to appeal to the Supreme Court."

From the decree entered in this matter, the appellants have appealed to this court.

At the outset, we are faced with a motion by the respondents to dismiss the appeal on grounds that this court lacks jurisdiction to hear and consider it. The respondents assert that nowhere in our adoption statutes is there any specific provision for appeal from an order, judgment, or decree of the district court entered in such proceedings.

While our adoption statutes do fail to specifically provide for appeal from an order, judgment, or decree in adoption proceedings, we hold that appeal is provided for under Section 28–27–01, North Dakota

Century Code. That section provides that a judgment or order in a civil action or in any special proceeding may be appealed to the Supreme Court. This court has held that statutes governing the right to appeal will be liberally construed to maintain such right. In re Heart River Irrigation District, 77 N.D. 827, 47 N.W.2d 126 (1951).

If the contention of the respondents were sustained and we should hold that no right of appeal is provided for in adoption proceedings, one of the most sacred of human rights, the right of custody and care of one's own children, could be taken from one without any right of appeal. We recently have considered an appeal from an order denying a petition to adopt. Bond v. Carlson, 188 N.W.2d 728 (N.D.1971).

The respondents' motion to dismiss the appeal on grounds that this court lacks jurisdiction to hear and consider such appeal therefore is denied.

We now will consider the merits of this appeal. Our statute provides that in awarding custody of children, the court is to be guided by the best interests of the children in respect to their temporal, mental, and moral welfare. Sec. 30–10–06, N.D.C.C.; Flath v. Nelson, 53 N.D. 603, 207 N.W. 444 (1926); Rufer v. Rufer, 67 N.D. 67, 269 N.W. 741 (1931); Sjol v. Sjol, 76 N.D. 336, 35 N.W.2d 797 (1949).

Section 30–10–07, North Dakota Century Code, provides that of two persons equally entitled to custody in other respects, preference should be given: first, to a parent; second, to one who was indicated by the wishes of a deceased parent; third, to one who already stands in the position of trustee of a fund to be used for the child's support; and, fourth, to a relative.

Of the above matters which are to be considered by the court in determining custody, only the third has any possible application to the situation in this case. The first does not apply because both parents

are deceased; the second does not apply because the parents did not express any preference between the appellants and the respondents before their death; and the fourth does not apply because both appellants and respondents are relatives of the same degree.

The third consideration which is listed may be applicable as a consideration in awarding custody in this case because, at the time of the hearing on the petition and the cross-petition for adoption, the appellant Oliver Roise had been appointed guardian of the children by the county court of Mountrail County, and he thus was in the position of trustee of the funds which had been collected for the wrongful death of the children's parents and of the Social Security and Veterans Benefit payments to the children.

We have carefully reviewed and considered all of the evidence touching upon the fitness of the respective parties to have custody of these children and the reasons for granting the petition of the respondents and in denying the petition of the appellants for their adoption, as given to us by the trial court. Even though, as a general rule, this court will give a great deal of weight to the findings and conclusions of the trial court, we believe that the trial court erred in finding that the appellants were the less desirable as adoptive parents of the children because they would be too strict. In this permissive age, we believe that discipline, training, obedience, correction, reproof, and temperance are desirable, rather than matters which should be held against persons who petition for the custody or the adoption of children. We do not believe that the children will be happier in a home where there is less discipline than in a home where they are subject to reasonable reproof. So, even though, as a general rule, this court will give a great deal of weight to the findings and conclusions of the trial court, in this case we reluctantly hold that the best interests of the Godejohn children in respect to their temporal, mental, and moral welfare will be

served if the petition of the respondents is denied and the cross-petition of the appellants is granted, giving them the custody, control, and supervision of these children.

For reasons stated in this opinion, the judgment of the district court is reversed and the cross-petition of the appellants is granted.

TEIGEN, ERICKSTAD and PAULSON, JJ., concur.

KNUDSON, J., did not participate in the decision.