[File No. 5948.]

ELIZABETH ANN KING, Now Smith, Appellant, v. GROVER DOUGLAS KING, Respondent.

(237 N. W. 854.)

Opinion filed August 12, 1931. Rehearing denied September 10, 1931.

*Lemke & Weaver,* for appellant.

*William Anderson,* for respondent.

NUESSLE, J. In February, 1927, a judgment was entered in the

above entitled action divorcing the parties and making provision for the custody, care and maintenance of the two children of the marriage, Phyllis aged eight and Ethelyn aged four. Thereafter at intervals orders were made and entered modifying the provisions of the judgment with respect to the custody of the children and the allowance for their maintenance. In December, 1930, a further modification of the judgment was made and this appeal is from the judgment as thus modified. Under the terms of this judgment the custody of the children was continued in the plaintiff as long as she maintains them in the home of the maternal grandparents, but with the condition that if suitable arrangements can be made toward that end the parental grandparents are to have the children during the three summer vacation months. Both parents have the right of visitation at reasonable and convenient times. The defendant is required to pay $25 per month for the support and maintenance of the children during such time as they are in the custody of their mother, the plaintiff.

The judgment from which the appeal is taken was entered after the hearing of a motion for modification made by the plaintiff. The record on which the trial court predicated his order for the modified judgment is voluminous. It is full of crimination and recrimination. Regard for the children impels us to refrain from any discussion of the record that is not absolutely necessary to an understanding of the case. Suffice it to say we are of the opinion that the findings of the trial court as set forth in his memorandum are amply sustained.

The questions now here involve merely the custody of the children and the provision made for their support by the defendant. They are such that the trial court who saw and heard the parties and their witnesses could much better determine them than can this court from a cold record. They involve the exercise of judgment and discretion under such circumstances that we are reluctant to disagree with the conclusions at which the trial court arrived.

The defendant is a farmer. He has but little property and is dependent for maintenance on what he can make as a tenant farmer or earn as a farm laborer. The plaintiff has remarried. Her present home is in Minnesota. So far as the record shows her present husband has no means except such as he earns as an automobile salesman on commission. The record is silent as to whether she and her husband

are able to maintain a home in which the children can be kept. All that appears is that they have an apartment. This may mean much or little. The grandparents, both maternal and paternal, are North Dakota farmers. They are people of good standing and excellent reputation in the communities wherein they reside. They operate large farms. They have comfortable and commodious homes. They manifest great interest in and affection for the children. No exception can be taken to either home as a home for the children other than because of the ages of the grandparents.

As the trial court said, the principal concern of the court in this proceeding is the welfare of the children. The original decree making provision for their care and custody and their maintenance and support is subject to vacation or modification by the court at any time on sufficient showing made therefor. See §§ 4404 and 4405, Comp. Laws 1913. The parents, of course, are prima facie entitled to the custody of their children. The father owes the duty to provide for their reasonable maintenance and support. The trial court fixed the amount that the defendant should pay in this behalf at $25 per month. Since he has no means other than that which he can earn as a tenant farmer or farm laborer, it seems to us that this allowance is, under the circumstances, not unreasonable. The amount is inadequate to support and maintain the children, but it is all that the court was justified in finding that the defendant could reasonably provide. Better a judgment for an inadequate amount which the defendant can pay than for an adequate amount which he is unable to pay. The former insures some support. The latter means default and trouble with their consequent expense. In any event, as times improve and the ability of the defendant to provide is increased, the judgment can, on proper showing made, be changed accordingly. So the judgment must in this respect be affirmed.

The children are girls. They are immature and should have a mother's care and attention. The court originally held that the mother rather than the father was entitled to their custody. There has been no such showing as warrants any substantial change in the judgment in this respect. The modified judgment, however, provides that during the summer vacation months the custody of the children shall be with the paternal grandparents. The plaintiff insists that in effect this

provision gives them into the custody of the defendant and takes them away from her during the time when there is no school and when she could best instruct them in those practical and useful things that should be learned at home under the direction of a mother. And this is largely true. Furthermore, such a provision in fact results in a divided custody with the likelihood of the ill effects that experience has demonstrated usually attend thereon. So it seems to us that under the circumstances as shown the terms of the judgment in this respect should be modified. On the other hand, regardless of any fault of his own in this domestic difficulty, the defendant ought not to be wholly deprived of the society and companionship of his children if he can enjoy these privileges without detriment to the children; and the children ought not to be wholly estranged from their father and their father's family. The paternal grandparents are most estimable people. They are people of substance and have a good home. They are willing to care for and want to care for the children. Of course their rights with respect to the children are not equal to the rights of the parents, yet a proper consideration for the future welfare of the children demands that they be not wholly cut off from these grandparents. So provision should be made for a reasonable visit with these grandparents sometime during the vacation period.

The plaintiff further complains because though given the custody of the children she is not permitted to remove them from the state. We think that the judgment in this respect is not unreasonable in the absence of a showing on her part as to her ability to provide a suitable home for them without the state. However, we are of the opinion that the plaintiff ought not to be deprived of an opportunity to establish a home elsewhere if it is possible for her to do so and thus better her condition to the advantage of the children. So, if she can, on proper showing, satisfy the trial court that she has a suitable home and can properly care for and maintain the children outside of the state considering her own means and those provided by the allowance to be paid by the defendant, the judgment should be modified accordingly.

In accordance with what we have said above, we are of the opinion that the judgment of the trial court be further modified so as to provide that the plaintiff shall have the custody of the children; that wherever the children may be, the parents shall have the right to visit

them at such intervals and times as shall be reasonable and convenient; that the children shall remain within the state of North Dakota until such time as the plaintiff may satisfy the trial court that she can provide a suitable home and can properly care for and maintain them outside of the state considering her own means and those provided through the payments to be made by the defendant; that if the court permit the children to be removed from the state the plaintiff shall furnish a sufficient undertaking, conditioned that they will be returned within the state upon the order of the court; that for at least one month during the summer vacation months the children shall visit with the paternal grandparents, providing that said grandparents desire to have them do so and that suitable arrangements can be made for such visit; that all expense necessarily attendant on making such visit shall be paid by the defendant and that at the termination thereof the children shall be returned at the expense of the defendant to the place where they were received; that the orders made by the court with respect to the children, their custody, care, and maintenance, shall be subject to future modifications as the circumstances shown to the court may from time to time warrant and require. Accordingly, the case will be remanded to the district court with directions that the district court examine further into the matter as may be required to enable it to enter judgment in accordance with this opinion and that the judgment be modified accordingly.

CHRISTIANSON, Ch. J., and BURR, BIRDZELL and BURKE, JJ., concur.