[File No. 6382.]

LOIS HORNER, Respondent, v. ROY C. HORNER, Appellant.

(268 N. W. 428.)

Opinion filed July 15, 1936.

*Alvin C. Strutz,* for appellant.
*Romanus J. Downey,* and *Sinness & Duffy,* for respondent.

NUESSLE, J.   This appeal is from a judgment of the district court of Adams county awarding a divorce to the plaintiff and giving her the custody of the infant child of the marriage.   The controversy is in fact over the custody of this child.

Plaintiff and defendant were married in 1930.   A child was born to them in 1932.   This ·action was brought in 1934.   Service was made upon the defendant by mail.   He admitted service in writing, stipulated that the case might be heard without further notice to him, and that the custody of the child of the marriage should be divided equally between the parties.   The case came on to be heard, the defendant making no appearance.   Judgment of divorce was ordered and entered wherein it was provided that the custody of the child should be divided between the parties but no provision was made as to how it was to be determined who should have the child, or when.   When the plaintiff went to offer her testimony in the divorce action she left the child with the defendant's mother.   Thereafter the defendant refused to permit her to have the child.   So she applied for an order, asking the court to fix the custody of the child in one or the other of the parties and to determine when the other might have it and to make such other provisions as might be necessary.   The defendant resisted this appli-

620

cation. Showings by affidavit and oral testimony were made and thereafter the court awarded the whole custody of the child to the plaintiff but provided that the defendant should have the privilege of seeing the child at stated times. Thereupon the defendant perfected this appeal.

The question on this appeal is wholly one of fact. The record is replete with crimination and recrimination. No good purpose would be served by commenting upon the evidence. It is sufficient to say that the district judge who tried the case saw and heard the witnesses. And his determination is entitled to appreciable weight. Coykendall v. Briggs, 60 N. D. 267, 234 N. W. 74, and cases cited. We hold that the trial court's findings are justified by the record. The child is a girl of tender years; the natural place for her is with her mother. Her welfare is the paramount consideration. Schlak v. Schlak, 51 N. D. 897, 201 N. W. 832. And the trial court retains jurisdiction in case the necessity arises to order a change of custody. Comp. Laws, 1913, § 4404.

Accordingly the judgment of the trial court will be and it is affirmed.

BURKE, Ch. J., and MORRIS, CHRISTIANSON and BURR, JJ., concur.