[File No. 6446.]

JOSEPHINE RUFER, Appellant, v. CYRUS RUFER, Respondent.

(269 N. W. 741.)

Opinion filed November 13, 1936.

*Hanley & Hanley,* for appellant.

*Fuller & Powers,* for respondent.

NUESSLE, J.  This is an appeal from an order of the District Court of Cass county denying plaintiff's application to modify a prior order fixing the custody of the minor child of the plaintiff and defendant.

Plaintiff and defendant were married in August, 1926.  On September 1, 1927, a daughter was born to this marriage.  In May, 1928, plaintiff sued for and procured a divorce from the defendant.  A property settlement was made by the parties.  The child of the marriage was by the judgment awarded to the plaintiff for the first six months after the filing of the judgment of divorce and thereafter to the defendant and plaintiff for six-month periods alternately until the further order of the court.  Plaintiff took the child pursuant to the terms of this judgment.  She then had little means, and the defendant contributed to the support of the child then and thereafter.  In due course, pursuant to the judgment, she turned the child over to the defendant.  From that time on the defendant had the child in his custody the greater part of the time until 1933.  During this period plaintiff, who had remarried, was in South America for about a year and two months with her husband who was a mining engineer.  In December, 1933, on the application of the plaintiff, the court entered a further order awarding the plaintiff the permanent custody of the child after July 1, 1934, with the right of visitation on the part of the defendant and with the further provision that the defendant should have the custody of the child during the vacation periods and at other times.  The order also provided that the plaintiff should not permanently remove the child from the state without application to and authority from the court.

On July 1, 1934, pursuant to the order made in December, 1933,

the plaintiff was given the custody of the child who continued to live with her, except for vacation visits with her father, until the close of the school year in the spring of 1936. Then, pursuant to the order, she again went to live with her father for the summer vacation months. In June, 1936, plaintiff's husband was offered a lucrative position as a geologist with an eastern oil and gas development company. He decided to accept this offer, but in order to do so it was necessary for him to remove from the state of North Dakota and take up his residence in West Virginia. Plaintiff was desirous of accompanying her husband, so she sought to procure the child from the defendant who refused to give her up. Plaintiff again applied to the court for an order modifying the order theretofore entered in December, 1933, so as to permit her to have the immediate custody of the child and remove with her from the state of North Dakota. Defendant resisted this application. A showing by affidavits and by oral testimony was made in behalf of both parties. The court examined the child who was then nine years old and, after considering the whole showing denied the application on September 4, 1936.

Section 4404, Comp. Laws 1913, provides that "in an action for divorce the court may before or after judgment give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper and may at any time vacate or modify the same." This court has heretofore held that in deciding where the custody of children in such cases shall be fixed, the determining consideration is the welfare of the child. Horner v. Horner, 66 N. D. 619, 268 N. W. 428; King v. King, 61 N. D. 422, 237 N. W. 854; Garrett v. Burbage, 55 N. D. 926, 215 N. W. 479; Schlak v. Schlak, 51 N. D. 897, 201 N. W. 832; Mickels v. Fennell, 15 N. D. 188, 107 N. W. 53. And this is the rule of the statute with reference to the awarding of the custody and the appointing of guardians of children in other than divorce cases. See §§ 4440 and 4461, Comp. Laws 1913.

The record in the instant case is voluminous. We have barely sketched the facts disclosed therein, but it manifestly appears that both the plaintiff and the defendant have great affection for their daughter and each much desires to have her custody. It is likewise apparent that both of them are so situated financially that if awarded

the custody of the child she will be well provided with all of the material things that may be necessary for her physical comfort and well-being. The defendant has a fine home with all modern conveniences. The child has lived with him the greater part of the time since the plaintiff departed for South America. She is now attending school. She has made her little friends there. She has been well cared for and has been and is happy with her father. While her father has also remarried, yet her stepmother is eager that she live with them. On the other hand, the child probably would be equally happy living with her mother who could and would give her every attention that she receives when she lives with her father. But there is no showing as to where the plaintiff would live, or as to the character of the home she would provide, whether it would be in a hotel, an apartment house, or a private residence. Nor does it appear that she would have a fixed abode. The trial court considered all of these things and denied the plaintiff's application for an immediate modification of his prior order. In his memorandum opinion the court set forth his reasons for so doing. He said his whole consideration was the welfare of the child and that, under the circumstances, he believed the application should be denied, at least for the time being.

The court saw the parties. He examined the little girl. He inquired as to her preference in the matter. He had an opportunity to observe the parties. The matter for his determination was one of fact. It required the exercise of his judgment as to what would be best for the child. In ordinary cases where the facts are passed upon and determined by the court, such determination is entitled to appreciable weight on appeal. In cases such as this where the question is as to the welfare of the child and its answer depends upon a multitude of what otherwise might be considered insignificant elements, certainly his determination in the matter should have at least as much weight. Furthermore, his order in such a case is not final and conclusive. Should conditions change, should either party desire to make a further application and showing, the matter remains open to modification and he may, as occasion arises and circumstances require, modify any order made with respect to the child's custody. We do

not feel that on the record before us we can say that the trial court's findings and conclusion are not justified on the showings as made.

Accordingly, the order is affirmed.

BURKE, Ch. J., and MORRIS, CHRISTIANSON and BURR, JJ., concur.