[File No. 6590.]

CLARA VENORA BUCHANAN, Appellant, v. HOBART BUCHANAN, Respondent.

(285 N. W. 75.)

Opinion filed March 28, 1939.

*Depuy & Depuy (A. D. Bornemann,* of counsel), for appellant.
*Henry G. Owen,* for respondent.

BURKE, J. Plaintiff sued for divorce and alimony upon the ground
of extreme cruelty. The defendant answered, denying plaintiff's charg-
es and interposing a counterclaim for divorce upon identical grounds.
A judgment was entered in the district court granting the plaintiff a
divorce, alimony in the sum of $600, payable at the rate of $25
each month for a period of two years, and attorney's fees in the sum
of $100. From this judgment the plaintiff has appealed. She de-
mands a trial de novo in this court in order that we may review the
adequacy of the allowance for alimony upon the entire record. She
particularly urges that the failure of the trial court to assign her the
family homestead amounts to an unjust and inequitable disposition
of the property of the parties. There is no cross appeal but the de-
fendant asks a retrial of the issue of divorce under the rule announced
by this court in Hoellinger v. Hoellinger, 38 N. D. 636, 166 N. W. 519.

The record discloses that the plaintiff and defendant were married
on October 23, 1926. They have no children. From the very outset
of their married life, they do not seem to have been able to solve, in a
becoming conjugal manner, the difficulties which arose between them.
Both parties agree that during the four or five years immediately prior
to the commencement of this action, their life together had been con-
stantly marked by disagreements and bitter quarrels over associates,
habits of life and financial matters. Standing alone, the evidence of-
fered in support of each party's case would be sufficient to sustain a
decree of divorce. The testimony of the parties is in direct conflict.
Upon the main question, therefore, a determination in favor of one
party or the other, or in denying relief, is wholly dependent upon the
degree of credibility which is accorded the testimony of the respective
parties and their corroborating witnesses. The means by which an
appellate court may measure the credibility of witnesses are exceed-
ingly limited. There are, however, many indicia of truth and falsity,
of exaggeration and of recklessness in testimony, which enter into the

atmosphere of a trial of this character and which can not be preserved for the benefit of a reviewing court. Of these, the trial-judge had the benefit. His decision is entitled to appreciable weight. Horner v. Horner, 66 N. D. 619, 268 N. W. 428; Coykendall v. Briggs, 60 N. D. 267, 234 N. W. 74. Upon the entire record, we conclude that the decree of divorce in favor of the plaintiff is sustained by the evidence.

There remains for decision the question of the adequacy of the allowance for alimony. The defendant is in the business of selling gasoline, oil and motor vehicle tires. He operates both a bulk station and a filling station. His net income from his business in 1935 was $1,103.24, in 1936, $1,373.39 and in 1937, $1,859.66. This action was tried on October 14th, 1938, but defendant's earnings for the first nine months of 1938 were not disclosed. It does appear, however, that after November 1st, 1938, his income will be materially reduced. Defendant testified "The first of November . . . . I lose the whole of Minnesota . . . that is my best paying business." The trial court found as a fact "That effective November 1st, 1938, the defendant will no longer be permitted to sell bulk gasoline and oil in the state of Minnesota, by the Standard Oil Company and the defendant's income will be greatly reduced." Defendant owns a home of the value of $2,000, one-half interest in the building where his filling station is located, ten shares of stock of the Standard Oil Company of the value, at the time of trial, of $29 a share, a truck, some filling station equipment and two twenty-payment life insurance policies in the sum of $2,500 each, upon one of which there remain two annual payments to be made and upon the other, ten annual payments. His indebtedness consists of a loan of $450 secured by a first mortgage on his home, his partnership share of a loan of $1,100 secured by a first mortgage on the building where his business is conducted, $757 which he has borrowed on his life insurance policies and a $4,000 judgment in favor of his mother. The record does not show the value of defendant's interest in his place of business, the value of his truck and filling station equipment nor the value of his life insurance policies over and above the amount of the loans against them, but unless these items have a total value of $3,467, which is not probable, the defendant is insolvent. Defendant owned his home before he was married and the property and business

which he has acquired since were purchased with borrowed money, none of which has been repaid. It is certain that during the twelve years of his married life, defendant has accumulated no property in which the plaintiff can claim an interest by reason of her assistance in its accumulation. On the contrary, defendant's financial condition, coupled with plaintiff's testimony that defendant was penurious and always complaining of their extravagant mode of living, indicates that plaintiff is responsible in no small degree for the paucity of assets from which alimony can now be allowed to her. It appears, too, that plaintiff can not completely escape responsibility for the marital dis-agreements out of which the grounds for this divorce arose. The trial court found, "That both parties are more or less to blame as a cause for the difficulties that have occurred between them." Her fault was not in itself a ground for divorce, nor sufficient to justify defendant's conduct toward her, but the record is clear, nevertheless, that her disregard of matrimonial duty was substantial. Plaintiff's age does not appear in the record. We assume, upon the evidence of her conduct, that she is relatively young, healthy and vigorous. She has some skill as a "beauty operator" and no financial responsibilities other than for her own support. In view of all the circumstances of this case, we cannot say that an allowance of $600 alimony, payable in monthly installments of $25 each month, is inadequate, unjust or inequitable.

The judgment of the trial court is affirmed.

NUESSLE, Ch. J., and MORRIS, BURR, and CHRISTIANSON, J J., concur.