**Violette Ann NOAKES, Plaintiff and Respondent,**

v.

**Forrest NOAKES, Defendant and Appellant**

**Civ. No. 8640.**

Supreme Court of North Dakota.

March 30, 1971.

Ella Van Berkom, Minot, for defendant and appellant.

Lanier & Knox, Fargo, for plaintiff and respondent.

TEIGEN, Judge.

This appeal is from a judgment of the district court of Burleigh County by which both the plaintiff and defendant were granted a decree of absolute divorce from each other. The decree awards absolute care, custody and control of the two minor children to the plaintiff (hereinafter referred to as the wife), subject to the right of reasonable visitation and prescribed custody privileges granted to the defendant (hereinafter referred to as the husband). The only issue argued on this appeal is the claim of the husband that he should have been granted custody of the child, Lisa Rene.

The parties were married in Iowa in September 1959. They moved to this state about a year later. There was born the issue of the marriage one daughter, Lisa Rene, on March 2, 1961. This was the wife's second marriage. She had one daughter, Valerie, born during her former marriage. Valerie was adopted by the husband in September 1961. At the time this action was tried she was seven years of age and Lisa Rene was two years of age. This action was commenced in May 1963 and the judgment was entered on December 30, 1968. The action for divorce was commenced by the wife and the husband counterclaimed for divorce. Issue was joined on both claims and fully litigated. The court found that the husband had been guilty of extreme mental cruelty, causing the wife great and grievous physical and mental suffering, and that the wife had committed adultery, and concluded that both were entitled to a decree of absolute divorce from the other. The court found that although the wife, in many respects, had misbehaved that, nevertheless, she had been a good mother to the children and was a fit and proper person to have their

custody. The husband is blind and is a student at the university. The wife is employed and earns about $1,000 per month. The court found that there was no contest as to the custody of Valerie in that the husband did not express a desire for her custody. The court was of the opinion that the children should not be separated and awarded the custody of both children to the wife with visitation rights to the husband "during the school year," and with the privilege of having custody during the "non-school year at such times as can be arranged between the parties * * *" The court also found that the wife had sufficient income to support herself and the two children and made no provision for the payment of support money by the husband for the support of the two children, except that each party was obligated to see that two social security checks would continue to be paid to the wife. No property division was made and no alimony was decreed. Each party was made responsible for his respective attorney's fees and costs.

The husband has taken this appeal and has made a demand for trial de novo in this court. The only argument contained in the briefs and in the oral arguments of the parties hereto involves the custody of the child, Lisa Rene. This being a de novo appeal from the judgment in an action tried to the court without a jury we have reviewed the evidence and find that each party has established a claim for divorce. We also find that the evidence justifies the trial court's decision with respect to the matter of custody of the two children and the arrangement for their support. The question on this appeal is wholly one of fact. The record is replete with criminations and recriminations.

 We have held that the elimination of the defense of recrimination in a divorce action permits the trial court to grant a divorce to either or both parties. Doll v. Doll, 162 N.W.2d 691 (N.D.1968). No good purpose would be served by commenting upon the evidence. It is sufficient to say that the trial judge who tried the case saw and heard the witnesses. His determination is entitled to appreciable weight. Gress v. Gress, 148 N.W.2d 166 (N.D.1967). We hold that the trial court's findings are justified by the record. The child, Lisa Rene, is a girl of tender years and the two children, Lisa Rene and Valerie, enjoy a close relationship. The natural place for both children is with their mother. The welfare of the children is of paramount consideration. Kucera v. Kucera, 117 N.W.2d 810 (N.D.1962); Rufer v. Rufer, 67 N.D. 67, 269 N.W. 741; Horner v. Horner, 66 N.D. 619, 268 N.W. 428; King v. King, 61 N.D. 422, 237 N.W. 854; Schlak v. Schlak, 51 N.D. 897, 201 N.W. 832. In divorce matters the trial court retains jurisdiction with reference to the custody, care and education of the minor children. Section 14-05-22, N.D.C.C.; Bryant v. Bryant, 102 N.W.2d 800 (N.D.1960).

The judgment of the trial court is affirmed.

STRUTZ, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.