**Donna Lorraine FICEK, Plaintiff and Respondent,**

v.

**Lawrence FICEK, Defendant and Appellant.**

**Civ. No. 8691.**

Supreme Court of North Dakota.

April 22, 1971.

McIntee & Whisenand, Williston, for plaintiff and respondent.

Rolfstad, Winkjer & Suess, Williston, for defendant and appellant.

STRUTZ, Chief Justice.

The plaintiff brought this action and defendant counterclaimed, both seeking a divorce. The plaintiff failed to reply, but the parties stipulated in writing that plaintiff withdraw her complaint and consent that the action be tried on defendant's counterclaim. On the evidence produced at the trial, the court found that defendant had established his counterclaim for divorce on the ground of adultery of plaintiff. We have examined the evidence and find that it sustains the trial court's decision. The only issue contested in the hearing before the trial court concerned the custody of the two minor daughters of the parties, who were aged five and three years, and the amount of payments to be awarded for the support, maintenance, and education of such children. A divorce was granted the defendant husband, but the custody of the two small daughters was awarded to the plaintiff wife, with rights of visitation to the defendant father. The defendant was ordered to make certain payments for the support, maintenance, and education of the children.

From the judgment entered, the defendant takes this appeal, demanding trial de novo, and argues the sole issue of custody of the two small children.

The issue raised on this appeal, as to whether the court erred in awarding custody of the children to the plaintiff mother, is based upon the plaintiff's admission that she had committed adultery. The husband asserts that, this being true and undisputed, she cannot be awarded the custody of the two small daughters and that the trial court erred in awarding custody to her.

■ This court repeatedly has held that in determining the custody of children in a divorce action, the welfare of the children is to be given paramount consideration. Noakes v. Noakes, 185 N.W.2d 486 (N.D.

1971); Kucera v. Kucera, 117 N.W.2d 810 (N.D.1962); Rufer v. Rufer, 67 N.D. 67, 269 N.W. 741 (1936); Horner v. Horner, 66 N.D. 619, 268 N.W. 428 (1936).

■ We do not believe it is necessary for us to comment on the evidence in this case, other than to say that we have reviewed it. Although the plaintiff concedes that she committed adultery on one occasion, the record shows that in other respects she is a good mother. The children always are clean and well cared for. We believe the evidence justifies the trial court's decision to award custody of the two small children to her. They are girls of tender years, and the natural place for little girls is with their mother. Our law provides that in the appointment of guardians for children, as between the parents, neither is entitled to custody as a matter of right. But, other things being equal, if the children are of tender years the custody should be given to the mother. Sec. 30–10–06(2) N.D.C.C. This is especially true where the children are girls and are well cared for. The mere fact that the mother was guilty of adultery does not necessarily mean that she automatically will be deprived of the custody of the small children. The deciding factor must be: What will be best for the two small children?

We believe the evidence in this case justifies the decision of the trial court in awarding custody of the two small girls to the mother. We would point out that the trial judge saw the parties and heard the witnesses testify. His determination will be given appreciable weight by this court on appeal. Orwick v. Orwick, 153 N.W.2d 795 (N.D.1967); Gress v. Gress, 148 N.W.2d 166 (N.D.1967); Bolt v. Bolt, 134 N.W.2d 506 (N.D.1965); Strobel v. Strobel, 102 N.W.2d 4 (N.D.1960).

■ Should the mother fail to care properly for the children, the trial court retains jurisdiction with reference to their custody, care, and education. She could be deprived of their custody at any time on a

showing of her failure to care for them properly. Sec. 14–05–22, N.D.C.C.

For reasons stated herein, the judgment of the trial court is affirmed.

TEIGEN, ERICKSTAD, PAULSON and KNUDSON, JJ., concur.