Joyce M. ADAMS, Plaintiff and Respondent,

v.

Richard L. ADAMS, Defendant and Appellant.

Civ. No. 8810.

Supreme Court of North Dakota.

May 31, 1972.

Sproul, Fitzner, Lenaburg & Fitzner, Valley City, for plaintiff and respondent.

Ployhar, Thorson & Weisenburger, Valley City, for defendant and appellant.

STRUTZ, Chief Justice.

An action for divorce on the ground of extreme cruelty was commenced by the respondent wife in April of 1970. The record discloses that she had married the defendant-appellant on October 26, 1963, and that two sons were born as the issue of such marriage. The defendant filed an answer to the complaint, denying the plaintiff's allegations of extreme cruelty and counterclaiming for a divorce on the ground of extreme cruelty on the part of the wife. He also asked for custody of the two children of the parties, and for an award of the real and personal property, free and clear of any claims by the plaintiff.

The case was tried to the Honorable Hamilton E. Englert, judge of the district court of Barnes County, and judgment was entered on January 5, 1971. The decree granted a divorce to both parties, and further provided that the custody, care, education, and control of the two minor children be awarded to the respondent wife, subject to visitation rights of the appellant father on Sunday of each week between the hours of 1 and 7 p. m. The appellant was ordered to pay the sum of $150 per month for the support of the two minor children, which payments are to be made through the office of the clerk of the district court, and such payments are to continue until the further order of the court.

The trial court, in lieu of awarding the plaintiff any interest in the real estate of the parties acquired during the marriage, ordered the appellant to pay to her the sum of $12,000. Two thousand dollars of this amount was to be paid within thirty days of the date of entry of judgment, and the balance of $10,000 was to be paid in equal monthly installments of $100, commencing February 1, 1971. In order to insure the payment of any balance of such sum due the plaintiff, the court ordered that the unpaid balance from time to time should be a first, prior, and paramount lien on the Northwest Quarter (NW¼) of Section 31, Township 141 North, Range 57 West, in Barnes County, North Dakota, which was a part of the real property awarded to the defendant, and was that portion of the real property which the parties had acquired during their marriage.

From the judgment entered, the appellant takes this appeal, demanding a trial de novo and raising four issues:

1. Was the appellant guilty of extreme cruelty toward the plaintiff?

2. Was the plaintiff a fit and competent person to be awarded the custody of the minor children of the parties?

3. Was the distribution of the real and personal property just and equitable under the evidence adduced in this case?

4. Was the award of $150 per month for the two minor children just and equitable, in the light of the evidence before the trial court?

■ In the oral argument before this court, a question was raised about the right of the appellant to demand a trial de novo. Our trial de novo statute was repealed as of July 1, 1971. However, in this case, the appellant served and filed his notice of appeal and undertaking for costs in February of 1971. Our law provides that an appeal in a civil matter is taken by service of a notice of appeal and is perfected on service of undertaking for costs. Sec. 28–27–05, N.D.C.C. Since the appellant did file and serve his notice of appeal, demand for trial de novo, and undertaking within the statutory period ending July 1, 1971, when the repeal of the de novo statute became effective, the demand for trial de novo was timely made, and this court will try the facts anew, giving appreciable weight to the findings of the trial court. Automobile Club Insurance Co. v. Hoffert, 195 N.W.2d 542 (N.D.1972).

■ We now will discuss the issues raised by the appellant on his appeal, and first will consider whether the evidence shows that the defendant was guilty of extreme cruelty toward the plaintiff. Section 14–05–05, North Dakota Century Code, defines "extreme cruelty" as "the infliction by one party to the marriage of grievous bodily injury or grievous mental suffering upon the other."

■ This court has held that in a divorce case where the evidence is conflicting and where there is scarcely any corroboration, the findings of the trial court as to whether grievous mental suffering has been inflicted by one party upon the other should be given appreciable weight by the appellate court because of the presence of the parties before the trial court, giving that court an opportunity to observe the parties as witnesses. The trial court must exercise its judicial discretion to a large extent, and its judgment will not be disturbed on appeal in the absence of a clear abuse of such discretion. Azar v. Azar, 146 N.W.2d 148 (N.D.1966).

■ Here, the trial court found both parties guilty of extreme cruelty. A careful review of the record has disclosed that there is very little testimony to corroborate the claim of either party of extreme cruelty on the part of the other, but that if their testimony is to be believed, each was guilty of conduct which would inflict grievous mental suffering upon the other. We find in the record that there was constant fault-finding by each toward the other, and charges of infidelity were made. There is evidence in the record that the defendant's constant belittling and fault-finding so affected the plaintiff that she became nervous and mentally upset to a degree that the defendant threatened to have her committed to a mental institution. The defendant does not deny that he called the father of the plaintiff and told him that he should come and get his daughter or he was going to have her committed. As a result, the plaintiff consulted a doctor who put her on tranquilizers. Thus neither party to this lawsuit was blameless for the failure of the marriage, and the action of the trial court in granting a divorce to each of them was fully justified.

■ We next will consider the issue of whether the plaintiff is a fit and proper person to be awarded the custody of the two minor children. At the time of the trial, one of the children was three years

of age and the other was under six. Thus they were too young to express a choice of their own. The court, in making determination for the custody of the children, should be guided primarily by what it believes to be their best interests and welfare. Noakes v. Noakes, 185 N.W.2d 486 (N.D.1971); Kucera v. Kucera, 117 N.W. 2d 810 (N.D.1962); Rufer v. Rufer, 67 N. D. 67, 269 N.W. 741 (1936). The determination of the trial court in matters of child custody will always be given appreciable weight on appeal, where the court has seen and heard the witnesses and has observed their demeanor on the stand. Gress v. Gress, 148 N.W.2d 166 (N.D.1967); Noakes v. Noakes, *supra*.

■ After a careful examination of the entire record, we hold that the trial court's findings on the matter of custody were proper. It is true that the court found that the plaintiff was not without fault for the failure of the marriage. The record discloses, however, that she was a good mother and a fit and proper person to be awarded the custody of these children of tender years. The appellant is a farmer, living alone on the farm, and cannot assume the custody and care of two small children without securing the help of others. No doubt, as the father of the children, he does love them as he claims. But the natural place for children of tender years is with their mother. Noakes v. Noakes, *supra*.

■ On the issue of custody, the appellant further complains that the right of visitation which was given to him is inadequate under the circumstances. The decree provides that the defendant shall have the right of visitation each Sunday afternoon from 1 to 7 p. m., subject to the further order of the court. The children are living some forty to fifty miles from the appellant's farm. Thus, if he wanted to take the children to his farm home, the better part of two of the six hours that he is permitted to have custody of the children

would be used for travel. That would leave only four hours during which the defendant actually could enjoy the company of his two sons at home. While we realize that a child of two should be in bed shortly after 7 p. m., we can also understand the feeling of a father who is deprived of the company of his two sons for all but six short hours each week. We believe, therefore, that the visitation privileges should at this time be extended to include the hours of 9 a. m. to 7 p. m. on alternate legal holidays as they are established by Section 1-03-01, North Dakota Century Code. The order for visitation would be subject to further modification by the district court as the boys grow older, under the provisions of Section 14-05-22, North Dakota Century Code. By this modification, the parties will share custody on holidays, including Sundays.

The final two issues raised by the appellant relate to the distribution of property and the payment of support money for the minor children. We believe that these two issues are so closely related that they can be considered together.

■ Our law provides that when a divorce is granted, an equitable division of the property, both real and personal, shall be made by the trial court. The law further provides that the court may compel either party to provide for the maintenance and care of the children of the marriage. Sec. 14-05-24, N.D.C.C.; Wiedrich v. Wiedrich, 179 N.W.2d 728 (N.D.1970). Such distribution of property depends upon the facts and the circumstances of each case, and among "circumstances" to be considered as being relevant and material are those concerning the condition, needs, and conduct of the parties and the amount of property owned by them, its nature, and the time and manner of its acquisition. Agrest v. Agrest, 75 N.D. 318, 27 N.W.2d 697 (1947).

There is no fixed or firm rule for determining the division of property in a di-

vorce case. The aim of the court should be to make an equitable distribution under the facts of each case. Wiedrich v. Wiedrich, *supra*.

In the case before us, the trial court granted the plaintiff a property award of $12,000, $2,000 of which was to be paid within thirty days, and the balance of $10,000 in monthly installments of $100 each, beginning on February 1, 1971. In addition, the defendant was ordered to pay $150 per month for the support of the two minor boys.

■ The amount which the court required the defendant to pay for the support of the children clearly is not excessive. That sum will be found to be inadequate to care for and educate two boys, especially after they begin going to school. One of the boys no doubt has entered school, because he was seven years old this past January. The only way that the plaintiff will be able to care for the boys properly is by contributing to their support herself. The record shows that the plaintiff was employed and that she intended to continue working, at least part time. Thus both parties will be contributing to the children's support. We therefore find that the award of $150 for the support of the two children is not excessive.

■ The appellant strenuously asserts that the sum of $12,000 awarded the plaintiff in the division of personal and real property is excessive. A review of the record discloses that, as a result of this award, the defendant was permitted to retain his 400-acre farm and a complete line of farm machinery, which admittedly is a bit time-worn and out of date. He also was permitted to retain a wheat check of $2,600 and approximately 4,000 bushels of barley which was shown to have a value of approximately $2,800. The defendant also was awarded the few cattle that the parties had, together with some 180 sheep.

The court in its findings determined that the 400 acres of land which was awarded to the defendant was of the reasonable value of $36,750. Of this land, 240 acres, of the reasonable value of $22,500 and subject to a mortgage of $7,200, had been acquired during the marriage, together with personal property of the reasonable value of $9,258 consisting of grain, three grain bins, the cattle, household goods, and a pickup truck. The farm machinery and the flock of sheep were acquired by the defendant prior to the marriage. The record further discloses that the plaintiff brought a small amount of money and some personal property with her at the time of the marriage. For a time after the marriage, she had worked and contributed her paycheck for family expenses. During the marriage, she also assisted occasionally in the farming operations, including hauling grain and caring for the cattle and sheep, and she even had driven a combine.

In view of the entire record in this case, we do not believe that the trial court abused its discretion in making the award which the defendant complains of, which would total approximately one-half of the property accumulated by the parties during the marriage.

For reasons stated in this opinion, the judgment of the trial court is modified as to visitation rights of the defendant.

As so modified, the judgment is affirmed.

TEIGEN, ERICKSTAD, PAULSON, and KNUDSON, JJ., concur.