Mildred Joann FERGUSON, Plaintiff
and Appellant,

v.

Arnold Roger FERGUSON, Defendant
and Respondent.

Civ. No. 8845.

Supreme Court of North Dakota.

Nov. 30, 1972.

DePuy, Fair & O'Connor, Grafton, for plaintiff and appellant.

Dahl, Dahl & Greenagel, Grafton, for defendant and respondent.

PAULSON, Judge.

The plaintiff, Mildred Joann Ferguson [hereinafter Mildred], and the defendant, Arnold Roger Ferguson [hereinafter Arnold], were married in Adams, North Dakota, on December 8, 1956. There were three children born as the issue of their marriage, namely: Joleen, born in 1957; Jeffrey, born in 1959; and Jacalyn, born in 1962.

Mildred commenced an action for divorce in January 1970 which the district court dismissed. On July 14, 1970, a decree of separate maintenance was issued by the district court. A second action for divorce was commenced by Mildred on January 7, 1971, wherein she alleged extreme cruelty and grievous mental and physical suffering. The complaint in that action was later amended to allege, in addition, irreconcilable differences of the parties. Arnold filed a cross-complaint, alleging adultery on the part of Mildred. The action was tried to the court, commencing on August 24, 1971, and judgment was entered on September 8, 1971. The court awarded Mildred a divorce on the ground of irreconcilable differences and awarded Arnold a divorce on the ground of adultery. The district court also found that Arnold was entitled to the custody of Jeffrey and Jacalyn, the two youngest children of the parties, and that Mildred was entitled to the care of the oldest child, Joleen. The court further found that the defendant, Arnold, was entitled to possession of the homestead owned by the parties and to the personal property therein, except for such items as may ordinarily be associated with the child, Joleen, and such other furniture and fixtures which could reasonably be released without disrupting or totally incapacitating the household.

The plaintiff, Mildred, has appealed from that part of the divorce judgment awarding a divorce to Arnold on the ground of adultery, providing for the cus-

tody of the children of the marriage, and ordering a distribution of the property of the parties. She has assigned three specifications of error.

The first specification of error charges that the finding of the district court that she had committed adultery is not supported by the evidence. The second specification charges that the finding of the district court that the best interests of the children, Jeffrey and Jacalyn, would be served by awarding their custody to their father, Arnold, is not supported by the evidence. The third specification charges that the finding of the district court that Arnold is entitled to possession of the homestead and part of the personal property contained therein is not supported by the evidence.

The scope of review of the findings of a district court on an appeal to this court from a case tried without a jury is limited by Rule 52(a) of the North Dakota Rules of Civil Procedure, which provides, in pertinent part:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; and in granting or refusing temporary injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. *Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. . . .*" [Emphasis added.]

■ In applying this Rule to appeals, the initial determination which must be made is whether the particular findings complained of are findings of fact and are subject to the "clearly erroneous" Rule of 52(a), N.D.R.Civ.P., or whether they are conclusions of law and are fully reviewable

by this court on appeal. Schatz v. Jerke, 199 N.W.2d 908 (N.D.1972); 5a Moore's Federal Practice (2d ed.) ¶ 52.05 [1], p. 2693. In making this determination, the labels placed upon the findings by the district court are not conclusive. Houck v. Hinds, 215 F.2d 673 (10th Cir. 1954); State Farm Mutual Automobile Insurance Company v. Brooks, 136 F.2d 807 (8th Cir. 1943), cert. den. 320 U.S. 768, 64 S.Ct. 80, 88 L.Ed. 459.

■ A review of the decisions of other courts which have applied the "clearly erroneous" rule to divorce actions indicates that findings that a party to a divorce action has committed adultery, that the best interests of the children of the parties to a divorce action would be served by awarding custody of the children to one party as opposed to the other, and that a particular division of property between the parties to a divorce action is equitable, have all been appropriately dealt with on appeal as findings of fact. Spencer v. Spencer, 258 Md. 281, 265 A.2d 755 (1970); Franklin v. Franklin, 257 Md. 678, 264 A.2d 829 (1970); Meredith v. Meredith, 91 Idaho 898, 434 P. 2d 116 (Idaho 1967); Ingram v. Ingram, 385 S.W.2d 69 (Ky.1964). We adopt this reasoning. Consequently, our review of the judgment from which Mildred has appealed is limited to a determination of whether or not the findings of fact of the district court are "clearly erroneous" within the purview of Rule 52(a), N.D.R.Civ.P. Schatz v. Jerke, *supra*; Strandness v. Montgomery Ward, 199 N.W.2d 690 (N. D.1972).

At the outset, we shall review the finding of the district court that Mildred had committed adultery, as was alleged in the cross-complaint. However, in reviewing the finding of adultery we believe that no useful purpose would be served by commenting upon all of the evidence which the defendant, Arnold, introduced in support of his cross-complaint.

■ While no direct evidence of adulterous conduct was introduced, the law is

well settled that adultery may be proved by direct or circumstantial evidence. Rott v. Goehring, 33 N.D. 413, 157 N.W. 294 (1916); Baker v. Baker, 166 Neb. 306, 89 N.W.2d 35 (1958). As for circumstantial evidence of adultery, it should be sufficient for the purposes of this review to say, as this court did in Agrest v. Agrest, 75 N.D. 318, 27 N.W.2d 697, 702 (1947), quoting with approval from Thayer v. Thayer, 101 Mass. 111, 100 Am.Dec. 110, that the circumstances were such as to

"'lead the guarded discretion of a reasonable and just man to the conclusion of guilt'."

Finally, the record contains evidence that Mildred admitted committing adultery. Thus, on the basis of the record before this court we conclude that the finding of the district court that the plaintiff, Mildred, had committed adultery, was not "clearly erroneous". Rule 52(a), N.D.R. Civ.P.

Section 14–05–22, N.D.C.C., grants to a district court the power in a divorce action to award as it may deem proper the custody of the children of a marriage. However, the exercise of this power is limited by § 30–10–06, N.D.C.C., which provides:

"In . . . awarding the custody of a minor, the court is to be guided by the following considerations:

"1. By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare, and if the child is of sufficient age to form an intelligent preference, the court or judge may consider that preference in determining the question; and

"2. As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but other things being equal, if the child is of tender years, it should be given to the mother, and if it is of an age to require education and prepa-

ration for labor or business, then to the father."

The decisions of this court which have construed § 30–10–06, N.D.C.C., indicate that the paramount criterion to be considered by a district court in awarding custody of children is the best interests of the children. Ficek v. Ficek, 186 N.W.2d 437 (N.D.1971); Noakes v. Noakes, 185 N.W.2d 486 (N.D.1971); Kucera v. Kucera, 117 N.W.2d 810 (N.D.1962); Rufer v. Rufer, 67 N.D. 67, 269 N.W. 741 (1936); Horner v. Horner, 66 N.D. 619, 268 N.W. 428 (1936); King v. King, 61 N.D. 422, 237 N.W. 854 (1931). In addition, to assist a court in making a particular award of custody, § 30–10–06, N.D.C.C., sets out more specific criteria. One such criterion is the child's preference as to custody, if the child is of sufficient age to form an intelligent preference. Guldeman v. Heller, 151 N.W.2d 436 (N.D. 1967). However, this preference is not controlling. Guldeman v. Heller, *supra*. Another criterion which assists a court in making its award of the custody of the children of the parties in a divorce proceeding is the statutory preference for an award of custody of a child of tender years to the mother *if other things are equal*. § 30–10–06, N.D.C.C. This statutory preference has been discussed by this court in Gress v. Gress, 148 N.W.2d 166 (N.D.1967), at page 179, wherein we stated, quoting from 27B C.J.S. Divorce § 309(4), at pages 461–463 (1959):

" 'The general rule as to preference to be given to the mother in the award of custody of young children, or so-called "tender years doctrine," is not, however, inflexible and applicable in every case merely because the mother has not been shown clearly unfit; and it has been said to be merely an aid to the court or one facet of the basic principle that the best interests and welfare of the child are the controlling considerations. The general rule is qualified by the requirement that other things be equal, and,

whether or not such rule has been recognized or affirmed by statute, the mother of a child of tender years is not entitled to its custody as a matter of law. Accordingly, such a child may be awarded to the father, in the discretion of the court, where the circumstances of the case require it for the child's best interests  . . . . ' "

Therefore, the statutory preference set forth in § 30–10–06, N.D.C.C., is dependent upon a finding that an award of custody to either the mother or the father of a child of tender years would be in the best interests of the child.

In the instant case, in determining whether the district court's finding with respect to custody was "clearly erroneous", we must be cognizant of the statutory criteria previously discussed, which are intended to assist the court in determining whether a particular award of custody would be in the best interests of the child.

■ A perusal of the record shows that since shortly after the youngest child, Jacalyn, was born, Mildred has for the most part engaged in work and other activities which caused her to be absent from the family home from approximately 4:00 p. m. to midnight or later on most evenings of the week. The record further reveals that Arnold, prior to the issuance of the separate maintenance decree, had borne most of the household responsibilities, such as the cooking, cleaning, and laundry, in addition to seeing that the children attended Sunday school and received their breakfasts on Sunday mornings. It is also apparent that since the issuance of the decree of separate maintenance in early 1970 the three children usually have been left without adult supervision from 4:00 p. m. to midnight or later. The record further reveals that Arnold, since the issuance of the separate maintenance decree, has succeeded in establishing a good relationship with his children under the circumstances. Therefore, even though the preference of the children at the time of the trial of the divorce action was that they live with their mother—on the basis of the previously discussed evidence and the rule that the stated preference of the children as to custody is only one of several factors to be considered in determining whether a particular award of custody would be in their best interests—we conclude that the finding of the district court that the best interests of Jeffrey and Jacalyn would be served by an award of their custody to their father was not "clearly erroneous". Rule 52(a), N.D. R.Civ.P. Since the evidence indicates that all things were not equal, as is required by § 30–10–06, N.D.C.C., our conclusion is not altered by the statutory preference for an award of custody to the mother of a child of tender years, as is Jacalyn.

■ Consequently, we are unable to find, on the basis of the record before us, that the district court's findings with respect to the custody of the two youngest children were "clearly erroneous" within the purview of Rule 52(a), N.D.R.Civ.P. However, it should be noted that, if at any time after the making of the record in this case the circumstances change so as to indicate that the best interests of the two youngest children would no longer be served by the award of custody to their father, the trial court may modify the award so that their best interests would be served. § 14–05–22, N.D.C.C.; Ficek v. Ficek, supra; Noakes v. Noakes, supra; Gress v. Gress, supra.

Section 14–05–24, N.D.C.C., grants to a district court the power in a divorce action to make such an equitable distribution of the real and personal property of the parties as may seem just and proper. Section 14–05–25, N.D.C.C., provides, in pertinent part, that a district court:

" . . . in rendering the decree of divorce, may assign the homestead or such part thereof as to the court may seem just, to the innocent party, either absolutely or for a limited period, according to the facts in the case  . . . . "

In this case, the defendant, Arnold, is the "innocent party" as that phrase has been construed by the decisions of this court applying § 14–05–25. One such decision is Fischer v. Fischer, 139 N.W.2d 845 (N.D.1966), wherein this court upheld an award of the homestead to the wife, largely because the husband, in addition to being a major cause of disharmony in the marriage, had for several years been interested in and had openly associated with a woman other than his wife. Thus, in the instant case, in light of the convincing evidence of adulterous conduct on the part of the wife, Mildred, we conclude that the finding of the trial court that the defendant, Arnold, should be awarded possession of the homestead was not "clearly erroneous". Rule 52(a), N.D.R.Civ.P.

Having determined that the award of the possession of the homestead was not "clearly erroneous", we also conclude that the finding of the district court that

" . . . the defendant is entitled to possession of . . . the personal property [in the homestead] . . . except such items as may be ordinarily associated with the child, Jolene, and such other furniture and fixtures which could reasonably be released without disrupting or totally incapacitating the household.",

was not "clearly erroneous". Rule 52(a), N.D.R.Civ.P. Our conclusion that the district court's finding with respect to the award of possession of personal property was not "clearly erroneous" is supported by the guidelines for such awards set down by this court in the case of Fischer v. Fischer, *supra* 139 N.W.2d at 847, in paragraph 7 of the syllabus, which states:

"In determining a division of property between the parties in a divorce action, the court, in exercising its sound discretion, will consider the respective ages of the parties; their earning ability; the duration of the marriage; the conduct of each during the marriage; their station in life; the circumstances and necessities of each; their health and physical condition; their financial circumstances as shown by the property owned at the time, its value at that time, its income-producing capacity, if any, and whether accumulated or acquired before or after the marriage; and such other matters as may be material."

Since the husband, Arnold, was awarded the custody of the two youngest children of the parties and will therefore need the personal property ordinarily associated with the upbringing of these two children in order to ensure their well-being, we conclude that, to the extent that they are applicable to this case, the guidelines of Fischer v. Fischer, *supra,* were properly applied by the district court when it found that only such property as was essential to the maintenance of the household should be retained by the defendant, Arnold.

The judgment of the district court is affirmed.

STRUTZ, C. J., and ERICKSTAD, TEIGEN and KNUDSON, JJ., concur.