Dorothy FREITAG, Plaintiff and Appellee,

v.

Virgil A. FREITAG, Defendant and Appellant.

Civ. No. 10109.

Supreme Court of North Dakota.

April 29, 1982.

Kapsner & Kapsner, Bismarck, for plaintiff and appellee; argued by Carol Ronning Kapsner, Bismarck.

Lester J. Schirado, Mandan, for defendant and appellant.

PEDERSON, Justice.

This is an appeal from a judgment in a divorce case in which the following findings of fact are challenged: (1) the custody of two minor children, (2) the requirement to pay child support, and (3) the division of the marital property. Our review, pursuant to Rule 52(a), N.D.R.Civ.P., leads us to conclude that these findings are not clearly erroneous. The judgment is affirmed.

Custody of two minor daughters was awarded to Dorothy. Virgil was required to pay child support of $250 per month until the family home was sold and the proceeds divided, and $300 per month thereafter. As a part of the property division, a river lot was directed to be sold and the proceeds equally divided; Virgil, however, was given an option to buy Dorothy's half-interest for $7,500.

## CUSTODY

A determination that the best interest of a child is served by awarding custody to one party as opposed to another is appropriately dealt with on appeal as a finding of fact. *See Ferguson v. Ferguson*, 202 N.W.2d 760 (N.D.1972). Both Virgil and Dorothy expressed a desire that some type of "joint" custody be awarded. The trial court determined that "joint" custody would require greater cooperation and sacrifices than the parties were prepared for and, applying the factors specified in § 14–09–06.2, NDCC, found that the best interest of the children required that custody be awarded to Dorothy. The finding is supported by the evidence. Virgil has not convinced us that an error has been made. The finding of fact is not clearly erroneous.

Should Virgil and Dorothy be able to show a change in these conditions—that they are, after all, able to cooperate and are

prepared to make the necessary sacrifices—they may petition the trial court to exercise its continuing jurisdiction and alter the custody award as may be warranted under the circumstances.

## SUPPORT

■ A determination that child support payments be made is appropriately dealt with on appeal as a finding of fact. *See Schumacher v. Schumacher*, 242 N.W.2d 136 (N.D.1976). Virgil acknowledged at trial that his income exceeded $1,800 per month. He did not file the financial statement suggested in the North Dakota Rules of Court nor did he show to the trial court what obligations there were that should receive priority over the care and support of his two daughters. The evidence as to Virgil's income and Dorothy's income supports the determination that if the girls are to live with their mother, Virgil should contribute $250–$300 per month toward their support. The finding of fact is not clearly erroneous. We note that support payments do not terminate when the girls reach majority or become self-supporting. A petition based upon changed conditions would be warranted under the circumstances at the appropriate time.

## EQUITABLE PROPERTY DIVISION

■ A determination that a particular division of property is equitable is appropriately dealt with on appeal as a finding of fact. *See Ferguson v. Ferguson, supra.* In the instant case the parties failed to comply with Rule 8.3, N.D.R.O.C., which provides:

"In all contested divorce cases the parties and their attorneys, prior to trial, shall jointly prepare a complete listing of their property and debts. The parties shall then assign values to the property either as an agreed value or if not agreed a plaintiff's estimate and defendant's estimate. The document must be dated and signed by both attorneys and plaintiff and defendant. It must be filed with the clerk of court at least one day prior to trial."

■ Although no explicit sanction for non-compliance is specified, one should not be heard to complain about his own errors. It probably would have been more provident for the trial court to have declared a recess until the appropriate document was available. We have no way of knowing whether or not a different determination would have been made or justified. The determination made by the trial court was that the river lot be sold and the proceeds equally divided. If the lot was overvalued by the court, it will likely have to be sold for less. Only if Virgil elects to buy Dorothy's interest is the court's evaluation significant. The finding is not clearly erroneous.

## COMPROMISE NEGOTIATIONS

■ Relying on Rule 408, N.D.R.Ev., Virgil argues that it was error for the court to receive as evidence an exhibit which contained an evaluation of the river lot made by Virgil during an attempt to compromise. Rule 408 does not mean that the mere recital of evidence during a compromise negotiation precludes the admission of that evidence. *See* explanatory note to Rule 408, N.D.R.Ev. In any event we have said that, in a nonjury case, the trial court should ordinarily admit all evidence which is not clearly inadmissible and, unless all the competent evidence is insufficient to support the finding, we will not reverse the judgment. *See Schuh v. Allery*, 210 N.W.2d 96 (N.D.1973). In this case, there was other evidence which supported the finding involved. No error was committed.

## FRIVOLOUS APPEAL

■ Dorothy filed an unsupported motion in which she labels the appeal frivolous, asking for damages under Rule 38, N.D.R. App.P. In *Danks v. Holland*, 246 N.W.2d 86, 91 (N.D.1976), we said that " . . . we would deplore any tendency to request a finding of frivolity in any appeals except those flagrantly groundless . . . ." Chances of reversal of a judgment when the appeal attacks findings of fact made by a trial judge, or attacks a verdict of a jury, are rightfully slim. That, however, does not

justify an arbitrary conclusion that the appeal is flagrantly groundless. Dorothy is entitled to the costs allowed by Rule 39(a) and (e), N.D.R.App.P., but not under Rule 38, N.D.R.App.P.

The judgment is affirmed.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.